ENHANCED COMPUTER SOLUTIONS, INC., Plaintiff,

v.

Joel ROSE, Defendant.

Joel ROSE, Third–Party Plaintiff,

v.

M.R. WEISER & CO., Third–Party Defendant.

96 Civ. 2217 (DAB).

United States District Court, S.D. New York.

June 10, 1996.

The Law Office of Raymond L. Vandenberg, New York City (Raymond L. Vandenberg, of counsel), for Plaintiff.

Ostrolenk, Faber, Gerb & Soffen, New York City (Charles P. LaPolla, Marc A. Lieberstein, of counsel), for Defendant and Third–Party Plaintiff.

### MEMORANDUM ORDER

BATTS, District Judge.

Plaintiff brought this action in New York state court, alleging that Defendant Joel Rose ("Defendant") tortiously interfered with Plaintiff's business relations, breached an employment agreement, and misappropriated its trade secrets. Following receipt from Plaintiff of answers to interrogatories, Defendant removed the action to this Court asserting that Plaintiff's claims of misappropriation of trade secrets are dependent upon determinations of federal copyright law. Plaintiff now moves to remand this action to the state court, arguing that removal was untimely filed and that this Court lacks subject matter jurisdiction.

For the reasons set forth below, Plaintiff's motion to remand the action to the New York County Supreme Court is granted.

## BACKGROUND

On November 21, 1995, Plaintiff Enhanced Computer Solutions, Inc. ("ECS"), filed this action in the Supreme Court of the State of New York, County of New York, under index number 95/6000321. The Complaint includes four causes of action, all centering around an employment agreement allegedly entered into between ECS and Defendant Joel Rose in February 1991.

On March 22, 1996, ECS served interrogatory responses on Defendant's counsel. On March 27, 1996, Rose removed the action to this Court. Rose premises removal on certain interrogatory responses served on March 22, 1996.

ECS now moves to remand the action to New York County Supreme Court, arguing first that the notice of removal was untimely, and second that the Court lacks subject matter jurisdiction over the controversy.

Rose responds that removal was timely filed because it first became evident that a federal question was involved when Rose received the interrogatory responses dated March 22, 1996. Rose argues in favor of subject matter jurisdiction by claiming that "ECS's claims of misappropriation of trade secrets are dependent upon issues which require determinations of federal Copyright law." Def.'s Mem. in Opp'n at 2.

## DISCUSSION

■ "It is well-settled that not every case involving federal copyright laws 'arises under' those laws such that federal jurisdiction is proper pursuant to § 1338(a)." *Schoenberg v. Shapolsky Publishers, Inc.*, 971 F.2d 926, 931 (2d Cir.1992) (citing *T.B. Harms Co. v. Eliscu*, 339 F.2d 823, 828 (2d Cir.1964), *cert. denied*, 381 U.S. 915, 85 S.Ct. 1534, 14 L.Ed.2d 435 (1965)). Assuming, for purposes

of analysis only, that the Copyright Act displaces all preempted state law claims "to the extent that complaints filed in state courts purporting to plead such state common law causes of action are removable to federal court under 28 U.S.C. § 1441(b)," *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 60, 107 S.Ct. 1542, 1544, 95 L.Ed.2d 55 (1987),[1] then the first question for consideration is whether the present cause of action—upon which removal is premised—has been preempted by the Copyright Act. This question is central in this case because if there is no preemption, then the disputed claim does not arise under federal law for purposes of removal. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 398–99, 107 S.Ct. 2425, 2432–33, 96 L.Ed.2d 318 (1987).

In *Computer Associates International, Inc. v. Altai, Inc.*, 982 F.2d 693 (2d Cir.1992), the Second Circuit discussed, in depth, the general law of copyright preemption regarding trade secret claims. The Second Circuit stated:

> Section 301 [of the Copyright Act] ... preempts only those state law rights that "may be abridged by an act which, in and of itself, would infringe one of the exclusive rights" provided by federal copyright law.... But if an "extra element" is "required instead of or in addition to the acts of reproduction, performance, distribution or display, in order to constitute a state-created cause of action, then the right does not lie 'within the general scope of copyright,' and there is no preemption." 1 [Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 1.01[B], at 1–14– 15 (1991) ]; *see also Harper & Row, Publishers, Inc. [v. Nation Enters.*, 723 F.2d 195, 200 (2d Cir.1983), *rev'd on other grounds*, 471 U.S. 539 [105 S.Ct. 2218, 85 L.Ed.2d 588] (1985) ]....
>
> A state law claim is not preempted if the "extra element" changes the "nature of the action so that it is *qualitatively* different from a copyright infringement claim." ... To determine whether a claim meets this

---

1. Because resolution of the issue is not necessary to deciding this motion, the Court takes no position on whether the Copyright Act, like ERISA and the LMRA, completely preempts state law. *See, e.g., Rosciszewski v. Arete Associates, Inc.*, 1 F.3d 225, 232–33 (4th Cir.1993) (concluding "that Congress intended that actions pre-empted by § 301(a) of the Copyright Act be regarded as arising under federal law").

standard, we must determine "what plaintiff seeks to protect, the theories in which the matter is thought to be protected and the rights sought to be enforced." 1 Roger M. Milgrim, *Milgrim on Trade Secrets* § 2.06A[3], at 2–150 (1992).... An action will not be saved from preemption by elements such as awareness or intent, which alter "the action's scope but not its nature...."

Following this "extra element" test, we have held that unfair competition and misappropriation claims grounded solely in the copying of a plaintiff's protected expression are preempted by section 301....

However, many state law rights that can arise in connection with instances of copyright infringement satisfy the extra element test, and thus are not preempted by section 301. These include unfair competition claims based upon breaches of fiduciary duties and trade secrets.

·   ·   ·   ·   ·

The legislative history of section 301 states that "[t]he evolving common law rights of ... trade secrets ... would remain unaffected as long as the causes of action contain elements, such as ... a breach of trust or confidentiality, that are different in kind from copyright infringement." Congress did not consider the term "misappropriation" to be "necessarily synonymous with copyright infringement," or to serve as the talisman of preemption.

Trade secret claims often are grounded upon a defendant's breach of a duty of trust or confidence to the plaintiff through improper disclosure of confidential material. The defendant's breach of duty is the gravamen of such trade secret claims, and supplies the "extra element" that qualitatively distinguishes such trade secret causes of action from claims for copyright infringement that are based solely upon copying.

982 F.2d at 716–717 (citations omitted).

■ . *Computer Associates* makes clear that since the gravamen of Plaintiff's third cause of action[2] is one for misappropriation or breach of a confidential relationship, the state law cause of action at issue here is not preempted by the Copyright Act. *See id.; Ez–Tixz, Inc. v. Hit–Tix, Inc.,* 919 F.Supp. 728, 737–38 (S.D.N.Y.1996) (holding that because "plaintiff's claim for trade secret misappropriation requires proof of a breach of confidence, it is not preempted by federal law"); *Harbor Software, Inc. v. Applied Systems, Inc.,* 887 F.Supp. 86, 89 (S.D.N.Y.1995) ("State law causes of action that have been held not to be preempted by the Copyright Act include breach of confidentiality, breach of trust, unfair competition, and trade secret misappropriation. Accordingly, I reject defendant's assertion that plaintiff's trade secret misappropriation and unfair competition claims are preempted." (citations omitted)). Because Plaintiff's third cause of action is not preempted by the Copyright Act, the Complaint does not arise under federal law. *See Caterpillar, Inc. v. Williams,* 482 U.S. at 398–99, 107 S.Ct. at 2432–33 ("[T]he presence of a federal question, even in a[n area where there is complete preemption], in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule—that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court."); *see also Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 67, 107 S.Ct. 1542, 1548, 95 L.Ed.2d 55 (1987) (holding that a complaint arises under federal law for removal purposes when state-law claims are completely preempted by federal law). Accordingly, federal question jurisdiction is lacking and the Complaint was improperly removed. *Caterpillar, Inc.,* 482 U.S. at 392–93, 107 S.Ct. at 2429–30.[3]

---

**2.** Plaintiff's third cause of action alleges that "Defendant, by his use of confidential ECS customer information, including source codes for clients' computer programs, did tortiously and intentionally interfere with plaintiff's prospective economic advantage." Compl. ¶ 24.

**3.** Because subject matter jurisdiction is lacking, the Court need not address Plaintiff's claim that removal was untimely.

## CONCLUSION

Because federal subject matter jurisdiction is lacking, Plaintiff's motion to remand is hereby GRANTED.

The Clerk of the Court shall remand the case to the Supreme Court for the State of New York, County of New York.

SO ORDERED: