**SHAPIRO, BERNSTEIN & CO., Inc.,**
**Plaintiff-Appellee,**

v.

**JERRY VOGEL MUSIC CO., Inc.,**
**Defendant-Appellant.**

**No. 181, Docket 23385.**

United States Court of Appeals
Second Circuit.

June 8, 1955.

---

Spring & Eastman, Lee V. Eastman, New York City, for plaintiff-appellee.

Edwin McMahon Singer, New York City (Leo E. Falkin, New York City, of counsel), for defendant-appellant.

Before CLARK, Chief Judge, HINCKS, Circuit Judge, and SMITH, District Judge.

PER CURIAM.

Plaintiff by petition for rehearing seeks deletion of the order for accounting and clarification of our opinion. On further consideration we feel that the accounting should be had, but that it should be reciprocal and that its scope should be as broad as the district court finds desirable to determine all the rights of the parties consistent with our opinion.

That the plaintiff obtained a renewal copyright on the joint work, comprising the Bowman music and the Sumner lyric, is not disputed. As the judge below found, the plaintiff, as assignee of the Jenkins Company (which in turn had theretofore taken an assignment of all Bowman's rights, including his renewal rights, to the music), on March 5, 1947 filed an application for registration of a claim to the joint work and a certificate of registration issued. Although the plaintiff, neither by direct nor mesne assignment from Sumner, had acquired Sumner's renewal rights to the joint work, it had status as Bowman's assignee to apply for the renewal of the joint work. But having obtained a renewal copyright on the joint work the plaintiff held the same as constructive trustee for the benefit of the two co-authors or their respective assignees,—in this case for joint benefit of Sumner or his assignee (the defendant) and of itself (as Bowman's assignee). Shapiro, Bernstein & Co. v. Jerry Vogel Music Co., 2 Cir., 161 F.2d 406.

Bowman had obtained copyrights on his instrumental music in 1914 and 1915, which together with the renewal rights thereon had been included in his inclusive assignment to the Jenkins Company in 1916. These rights passed by Jenkins' assignment in 1937 to the plaintiff. In 1941 and 1942 Bowman obtained renewals of all his copyrights on his instrumental music which he assigned to the plaintiff.

As our opinion recited, in 1947 (actually on June 19, 1947) Sumner assigned his renewal rights in the song, which we hold to have been a joint work, to the defendant which never, by direct or mesne assignment, obtained Bowman's rights to a copyright on the joint work. The defendant, on June 27, 1947, while Sumner was still living, applied in Sumner's name for a renewal of copyright on the song. The certificate of registration duly issued. As a result the defendant holds this renewal copyright as trustee for the joint benefit of itself and of the plaintiff as assignee of Bowman's renewal rights.

From the foregoing it follows that there should be a reciprocal accounting.

As to the scope of the accounting it is clear that each holder of the renewal copyright on the joint work should account to the other for his exploitation thereof,—not as an infringer but as a trustee. It is equally clear that the accounting should not extend to the plaintiff's exploitation of Bowman's instrumental music under the renewal copyrights therein which the plaintiff holds by assignments from Bowman and Jenkins. As to this it was found below that "Defendant does not claim any interest whatever in and to the instrument, (sic) work '12th Street Rag'." The record supports this finding. Indeed it was not challenged on appeal.

The petition and answering briefs suggest that the plaintiff may also have published or licensed adaptations, arrangements, or versions of the joint work which constitute infringements thereof unless they qualify as "new works subject to copyright" under 17 U.S.C.A. § 7. As said section provides, such adaptations, etc., to be copyrightable, must have been "produced with the consent of the proprietor" of the copyrighted work. Thus there may be present questions whether specific versions exploited by the plaintiff were adaptations of the joint work or only of the music alone or the lyric alone and questions whether one party for its exploitation of a specific adaptation is accountable to the other. These are questions of fact and of law. At this stage we cannot define more specifically the proper scope of the accounting to be had for lack of relevant findings below. Because the judge below thought the song in question was a composite work, rather than a joint work as we have held, he thought there was no need to make the findings and rulings essential to define the scope of the accounting.

■ Accordingly, we revise our opinion by deleting therefrom the last three paragraphs and for the matter thus deleted substitute the following: "Each party therefore has joint rights in the renewal copyright of the joint work held in the name of the other party and such

rights provide each with a partial defense to the claim asserted by the other (i. e. by the complaint and the counterclaim). And each party is entitled to an accounting from the other covering at least its exploitation of the renewal copyright on the joint work. Whether the accounting should extend further and, if so, to what extent are questions to be determined on such further proceedings as the court below shall deem appropriate.

"Reversed and remanded."