Jeffrey **LIEBERMAN**, Plaintiff,

v.

**ESTATE OF Paddy CHAYEFSKY, Susan and William Chayefsky as Executors, and Simcha Productions, Inc.**, Defendants.

No. 78 CIV 1746 (LBS).

United States District Court, S. D. New York.

March 4, 1982.

Santora, Shenkman & Kushel, Robert B. McKay, Michael S. Allen, New York City, for plaintiff.

Carro, Spanbock, Londin, Fass & Geller, Kenneth A. Lapatine, Gail I. Edwin, New York City, for defendants.

## OPINION

SAND, District Judge.

This instant action is a dispute over the ownership of the copyrights to the novel and screenplay entitled "Altered States". The defendant, Paddy Chayefsky,[1] initially moved to dismiss for lack of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1) and 12(h)(3), on the theory that the plaintiff's claims did not arise under federal law. *See* 28 U.S.C. §§ 1338 and 1331. On the return date of this motion, decision was deferred pending completion of relevant discovery and without prejudice to renewal of the motion. Although the defendant has not renewed the motion, because the Court's subject matter jurisdiction has been questioned, the Court will nevertheless address the issue.

A cause of action arises under the copyright laws if the complaint seeks "a remedy expressly granted by the Act [17 U.S.C. § 101 et seq.] . . . or asserts a claim requir- · ing construction of the Act, . . . or, at the very least and perhaps more doubtfully, presents a case where the distinctive policy of the Act requires that federal principles control the disposition of the claim." *T. B. Harms v. Eliscu*, 339 F.2d 823 (2d Cir. 1964), *cert. den.*, 381 U.S. 915, 85 S.Ct. 1534, 14 L.Ed.2d 435 (1965).

The instant case falls well within this standard. The plaintiff, Jeffrey Lieberman, alleges that he coauthored "Altered States" with the defendant and that the work is therefore a joint work within the meaning of 17 U.S.C. § 101. Plaintiff seeks a declaratory judgment to this effect[2] and an accounting based on the entitlement of a joint author to an undivided one-half interest which is provided by § 101 of Title 2 of the Copyright Act, 17 U.S.C. § 201(a).[3] Section 101 provides that copyright "vests initially in the author or authors of the work", and that "[t]he authors of a joint work are coowners of copyright in the work."[4] 17 U.S.C. § 201(a). Thus, the claimed right upon which plaintiff bases his claim arises directly from the statute. Title 1, Section 101 of the Act defines "joint work" as "a work prepared by two or more authors with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole." 17 U.S.C. § 101. Resolution of the central issue in this case depends upon the application and interpretation of this statutory definition.

1. Paddy Chayefsky died after this action was brought and the Estate of Paddy Chayefsky, Susan and William Chayefsky as Executors, has been substituted as a party. The term "defendant" will be used herein to refer to either Paddy Chayefsky or his representatives.

2. Plaintiff and Simcha Productions, Inc. have filed conflicting applications for the copyrights in "Altered States".

3. The Court finds the Copyright Act of 1976, which became effective on January 1, 1978, Pub.L. 94–553, Title 1, § 102, Oct. 19, 1976, 90 Stat. 2598, applicable in this case because the claims as stated by the plaintiff arose after that date. Although drafts of "Altered States" were made before January 1, 1978, the earliest em- bodiment of the work upon which the plaintiff bases his claim is the published novel. The novel was published in May, 1978. The lawsuit was commenced shortly before this date in April, 1978, during which month the plaintiff also filed an application with the copyright office.

4. This case is therefore distinguishable from cases in which a copyright ownership claim arises from an assignment of a copyright, a transaction governed by contract law. Such claims do not arise under federal law. *See T. B. Harms v. Eliscu*, 339 F.2d 823 (2d Cir. 1964), *cert. den.*, 381 U.S. 915, 85 S.Ct. 1534, 14 L.Ed.2d 435 (1965).

The Court therefore finds that it has subject matter jurisdiction over the claims raised by the plaintiff.[5]

SO ORDERED.

---

5.  Plaintiff's additional theories of relief based on quantum meruit and unjust enrichment are within the Court's pendent jurisdiction.