**Shirley GOODMAN, Plaintiff-Appellant,**

v.

**Audrey LEE and Nikki N. Lee, Defendants-Appellees.**

**No. 86–3153.**

United States Court of Appeals, Fifth Circuit.

May 1, 1987.

Richard E. Bennett, New York City, David Paddison, Covington, La., for defendants-appellees.

Frederick Burkart, New Orleans, La., for plaintiff-appellant.

Before WILLIAMS, JOLLY and DAVIS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

Shirley Goodman brought this action against Audrey and Nikki Lee in the United States District Court for the Eastern District of Louisiana under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the Copyright Act, 17 U.S.C. § 101 *et seq.* Goodman claimed to have written the song "Let The Good Times Roll" in conjunction with Leonard Lee, the deceased husband and father of appellees. She sought to have the copyright registration changed to reflect her co-authorship. The Lees moved for summary judgment, which the district court granted for lack of subject matter jurisdiction. Because we determine that federal jurisdiction does exist in an action for a declaratory judgment to establish co-

authorship under copyright legislation, we reverse and remand for trial on the merits.

## I. *Facts*

Appellant Shirley Goodman and Leonard Lee grew up in the same neighborhood in New Orleans and had been good friends since early childhood. Both Goodman and Lee were very interested in music and, in 1952, began composing songs together. They also recorded their songs under the professional name of "Shirley and Lee." Their biggest hit, "Let The Good Times Roll," has also been recorded by such musical luminaries as Barbra Streisand, Ray Charles, Roy Orbison, and Jerry Lee Lewis.

Leonard Lee was responsible for managing the business affairs of "Shirley and Lee," including copyright registration of the jointly composed songs. The first copyrights obtained by Lee listed Goodman and Lee as co-authors. Later songs, including "Let The Good Times Roll," were registered only in the name of Leonard Lee. Goodman did not receive any publishing royalties from the songs registered solely under Lee's name.[1]

Goodman claims that she did not learn that the songs were registered only in Lee's name until the original copyrights were up for renewal in 1984. After acquiring this knowledge, she filed an application to have the registration renewed in the names of Shirley Goodman and Leonard Lee as co-authors. Copyright Office regulations provide that the registration could be changed only by the proprietor of the copyright. Goodman then filed suit in district court against Audrey Lee, Leonard Lee's widow, and Nikki Lee, his minor child.[2] She sought a declaratory judgment to the effect that the song "Let The Good Times Roll" was a joint work within the meaning of § 101 of the Copyright Act.[3] She also requested the court to include her name as a co-author with Lee and to order an accounting of all royalty income to which she was otherwise entitled.

The district court granted the Lees' motion for summary judgment dismissing the cause of action for lack of subject matter jurisdiction. Goodman filed the timely notice of appeal.

## II. *Subject Matter Jurisdiction*

A federal district court has exclusive original jurisdiction over civil actions which arise under congressional acts relating to copyrights. *See* 28 U.S.C. § 1338(a).[4] "[A]n action 'arises under' the Copyright Act if and only if the complaint is for a remedy expressly granted by the Act ... or asserts a claim requiring constructing of the Act, ... or, at the very least and perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim." *T.B. Harms Co. v. Eliscu,* 339 F.2d 823, 828 (2d Cir.1964), *cert. denied,* 381 U.S. 915, 85 S.Ct. 1534, 14 L.Ed.2d 435 (1965). Goodman's complaint alleges that she is an actual joint co-author of "Let The Good Times Roll." She also claims that she is entitled to receive one-half of all proceeds from the use and exploitation of that song, which could involve state law issues within our pendent jurisdiction.[5] In any event, the case clearly involves the application and interpretation of the copyright ownership provisions of 17

---

1. Publishing royalties are paid to an author by the publishing company when other performers decide to record the copyrighted song. For example, if a prominent vocalist decided to record "Let The Good Times Roll," he or she would pay the publishing company for a license to use the song. The company would keep a large fraction of the amount for its own use, usually fifty percent, and remit the remainder of the money to the composer.

2. Leonard Lee died in 1976. Under 17 U.S.C. § 304(a), a surviving spouse or any children are entitled to renew a copyright if the author is not living.

3. "A 'joint work' is a work prepared by two or more authors with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole."

4. "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to ... copyrights.... Such jurisdiction shall be exclusive of the courts of the states in ... copyright cases."

5. *See Lieberman v. Estate of Chayefsky,* 535 F.Supp. 90, 92 n. 5 (S.D.N.Y.1982).

U.S.C. § 201(a).[6] Therefore, federal jurisdiction over this case was proper, and the district court erred in dismissing Goodman's cause of action.[7]

We reach this conclusion based upon the clear wording of the statute. This view is also confirmed in litigation and by scholarly inquiry. An acknowledged leading case in this area is *Lieberman v. Estate of Chayefsky,* 535 F.Supp. 90 (S.D.N.Y.1982). *Lieberman* involved a dispute over the ownership of the copyright to the novel and screenplay, "Altered States." As in the case now before us, the plaintiff claimed that he was a co-author of the copyrighted material and that it was a joint work under the definition contained in 17 U.S.C. § 101. The defendant moved to dismiss for lack of subject matter jurisdiction, but the court denied the motion. It determined that federal jurisdiction existed because "the claimed right upon which plaintiff bases his claim arises directly from the statute" and "[r]esolution of the central issue in this case depends upon the application of [the] statutory definition [of 17 U.S.C. § 101]." *Id.* at 91.

The district court, in granting the Lees' motion for summary judgment, relied upon a "line of Southern district in New York cases" which it considered to be "correct in their appraisal of the jurisdiction question." These cases held generally that an action to establish title is not one which "arises under" the Copyright Act and that, therefore, no federal jurisdiction exists. *See, e.g., Rotardier v. Entertainment Co. Music Group,* 518 F.Supp. 919 (S.D.N.Y.1981); *Keith v. Scruggs,* 507 F.Supp. 968 (S.D.N.Y.1981); *Harrington v. Mure,* 186 F.Supp. 655 (S.D.N.Y.1960). *Lieberman,* however, has been recognized as presenting the "better view" of the jurisdiction question. *See* 3 *Nimmer on Copyright* § 12.01[A], at 12–7 (1986). Further, Goodman's claim is thoroughly distinguishable from the cases relied upon by the district court. The *Rotardier, Keith,* and *Harrington* cases concerned ownership disputes arising from contractual agreements between the parties. In *Rotardier,* for example, the plaintiff assigned the copyrights for a musical score to the defendant with the understanding that if certain conditions were not met, the copyrights would be reassigned back to the plaintiff. A dispute arose, and Rotardier filed suit in federal district court. The court dismissed the complaint, stating that "[t]he controlling issue involves a dispute over title to a copyright arising from an alleged breach of contract. The determination of this issue is dependent upon principles of common law and equity, not the federal copyright laws." 518 F.Supp. at 921. Thus, the issue involved a contract, the subject of which was a copyright. Goodman's claim, in clear contrast, involves the validity of the copyright itself under the Copyright Act.

### III. *Conclusion*

Because we find that exclusive federal district court jurisdiction exists in an action for a declaratory judgment to establish joint authorship of a copyrighted work, the summary judgment of the district court dismissing Shirley Goodman's cause of action against Audrey and Nikki Lee must be reversed.

REVERSED.

**6.** "Copyright in a work protected under this title vests initially in the author or authors of the work. The authors of a joint work are coowners of copyright in the work." This provision merely restates basic and well-established principles of copyright law. Although the original copyright to "Let The Good Times Roll" was acquired under the Copyright Act of 1909, the later Copyright Act of 1976 makes no substantive change in the provisions relevant to this case.

**7.** Appellees argue that, even if federal jurisdiction exists, Goodman will be unable to prove her co-authorship of "Let The Good Times Roll." This contention implicating the merits is for the district court upon trial.