**IZA MUSIC CORP. and Kelly Owens, d/b/a Tweety Music, Plaintiffs,**

v.

**W & K MUSIC CORP. and Estate of William B. Doggett, Deceased, d/b/a Islip Music Publishing Co., Defendants.**

No. 97 Civ. 0043(JSR).

United States District Court, S.D. New York.

Feb. 26, 1998.

*MEMORANDUM ORDER*

RAKOFF, District Judge.

Plaintiffs, alleging that they are the assignees of the copyright interests held by several of the joint authors of a song called "Honky Tonk," seek an accounting of royalties and a declaration that they are entitled to receive a certain percentage of royalty payments in the future. On February 13, 1998, at oral argument on the summary judgment motion brought by defendant W & K Publishing, the parties raised for the first time the question of whether this Court has subject matter jurisdiction over this action. The Court then invited both parties to make further written submissions on the issue of whether jurisdiction here is proper under 28 U.S.C. § 1338, "one of the darkest corridors of the law of federal courts and federal jurisdiction." *Arthur Young & Co. v. City of Richmond,* 895 F.2d 967, 969 n. 2 (4th Cir.1990) (citation and internal quotation marks omitted). Review of these submissions and of the parties' oral arguments reveals the light at the end of the corridor that leads the Court to hereby dismiss this action for lack of subject matter jurisdiction.

**418**

Section 1338(a) provides that "district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to ... copyrights. Such jurisdiction shall be exclusive of the courts of the states ...." 28 U.S.C. § 1338(a). In Judge Friendly's formulation, "an action 'arises under' the Copyright Act if and only if the complaint is for a remedy expressly granted by the Act, e.g., a suit for infringement ..., or asserts a claim requiring construction of the act, ... or, at the very least and perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim." *T.B. Harms Co. v. Eliscu,* 339 F.2d 823, 828 (2d Cir.1964). Further, a court evaluating § 1338 subject matter jurisdiction must look beyond the formal allegations of the complaint to the essence of the plaintiff's claim. *See Schoenberg v. Shapolsky Publishers, Inc.,* 971 F.2d 926, 932–33 (2d Cir.1992); *see also Lombardi v. Suares,* 923 F.Supp. 51, 53 (S.D.N.Y.1996).

Plaintiffs assert that jurisdiction over the instant action is proper under these principles either because the action is "founded upon a claim of co-authorship in a joint work," or because a determination of the validity of the assignment of the joint authors' interests to plaintiffs involves construction of 17 U.S.C. § 204(a), the Copyright Act's Statute of Frauds. *See* Plaintiffs' Letter, February 18, 1998.

The first contention is unavailing, however, because plaintiffs' claim in this action is in reality a claim for an accounting only. Indeed, even though the Complaint alleges that plaintiffs' assignors are joint authors of the copyrighted song under § 101 of the Copyright Act, plaintiffs do not seek a declaratory judgment to that effect, for, as plaintiffs candidly state in their letter of February 18, 1998, "the claim of joint authorship is undisputed." Rather, the sole relief requested is the accounting.

This case is therefore clearly distinguishable from *Merchant v. Levy,* 92 F.3d 51 (2d Cir.1996), in which the Court of Appeals held that an action seeking *both* a declaration of co-ownership rights to a copyright and an accounting of royalties falls "well within [the] jurisdictional boundaries" erected by § 1338. *Id.* at 55 (citing *Goodman v. Lee,* 815 F.2d 1030, 1031–32 (5th Cir.1987)). Upon inspection, it is apparent that *Merchant* and the *Goodman* decision on which it relied focus solely on the claim for a declaration of joint ownership in determining that the exercise of federal jurisdiction is proper under the second prong of Judge Friendly's formula. *See Merchant,* 92 F.3d at 55; *Goodman,* 815 F.2d at 1032; *see also Lieberman v. Estate of Chayefsky,* 535 F.Supp. 90, 91 (S.D.N.Y. 1982). Conversely, a subsequent decision in the *Goodman* case confirmed that a claim for an accounting "is governed in all respects by state law." *Goodman v. Lee,* 78 F.3d 1007, 1012 (5th Cir.1996) (relying on Louisiana state law to determine a joint author's rights to an accounting).

The courts of this Circuit and this District—as well as many other courts that have considered the issue—are in accord with this conclusion. *See Shapiro, Bernstein Co. v. Jerry Vogel Music,* 223 F.2d 252 (2d Cir. 1955); *Picture Music, Inc. v. Bourne, Inc.,* 314 F.Supp. 640, 646–47 (S.D.N.Y.1970); *Harrington v. Mure,* 186 F.Supp. 655, 657–58 (S.D.N.Y.1960); *see also Community For Creative Non–Violence v. Reid,* 846 F.2d 1485, 1497 (D.C.Cir.1988); *Oddo v. Ries,* 743 F.2d 630, 633 (9th Cir.1984); *Korman v. Iglesias,* 736 F.Supp. 261, 265 (S.D.Fla.1990). Because, therefore, a joint author's right to an accounting is a creature of state law rather than of the Copyright Act, an action seeking an accounting alone does not satisfy any of the three prongs of Judge Friendly's test and therefore does not invoke the Court's subject matter jurisdiction under § 1338.

Nor is jurisdiction conferred by plaintiffs' alternate contention that a determination of the validity of the written assignments on which their standing is based will involve construction of § 204(a) of the Copyright Act (which requires that all transfers of copyright ownership be in writing), for, as plaintiffs concede in their letter, this issue will arise, if at all, only if raised as a defense to the allegations of the complaint, a posture insufficient to confer federal jurisdiction. Although plaintiffs correctly point out that the traditional well-pleaded complaint rule is in some tension with the Second Circuit's practice of "referring to evidence outside the

pleadings" to determine the "essence" of a plaintiff's claims, *Schoenberg,* 971 F.2d at 933, the Supreme Court's decision in *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988), indicates, at the least, that a determination of § 1338 jurisdiction should not include an examination of anticipated defenses. *See Christianson,* 486 U.S. at 807–10; *see also Keith v. Scruggs,* 507 F.Supp. 968, 970 (S.D.N.Y.1981) ("To the extent that these issues anticipate possible defenses ..., they cannot be relied upon to establish a federal question [under § 1338].").

For the foregoing reasons, the Complaint is dismissed without prejudice to plaintiffs' assertion of their claims in a state forum. Clerk to enter judgment.

SO ORDERED.