[No. E022422. Fourth Dist., Div. Two. Aug. 12, 1999.]

JOHN A. DURGOM, Plaintiff and Appellant, v.
DAVID J. JANOWIAK, Defendant and Respondent.

COUNSEL

Mitchell, Silberberg & Knupp, Robert C. Welsh and Marc E. Mayer for Plaintiff and Appellant.

McFadden & Associates and Robert J. McFadden, Jr., for Defendant and Respondent.

OPINION

RICHLI, J.—According to the complaint in this action, defendant David J. Janowiak has failed to make payments to plaintiff John A. Durgom pursuant to an assignment of royalties from the copyrighted song, *Nature Boy*. After the parties had entered into an oral settlement agreement, on the record in open court, Janowiak moved to dismiss the action for lack of subject matter jurisdiction. Janowiak asserted that, as a matter of federal law, the beginning of the renewal term had revested the copyright in the author and had cut off Durgom's alleged right to receive royalties. Janowiak urged that the presence of this issue in the case invoked exclusive federal copyright jurisdiction.

The trial court agreed. It therefore refused to enforce the settlement agreement, and it dismissed the case. In doing so, it erred. Federal case law—much of it handed down by the United States Supreme Court—makes it clear that federal jurisdiction cannot be based solely on a federal defense. This is true even where the parties agree that the federal defense is the only disputed issue to be resolved. State courts are fully competent to adjudicate state-law breach of contract claims, even where the underlying contract involves the ownership, assignment, or license of a copyright, much less the mere assignment of royalties from a copyrighted work. Thus, despite Janowiak's federal copyright law defense, the trial court had jurisdiction.

I

FACTUAL AND PROCEDURAL BACKGROUND

On March 1, 1996, Durgom filed a complaint against Janowiak. It alleged that, in 1947, Eden Ahbez composed the song, *Nature Boy*. Ahbez had assigned 12.5 percent of the royalties from *Nature Boy*, through a series of intermediate assignments, to Durgom. Thereafter, Ahbez had assigned *Nature Boy* itself, through a series of intermediate assignments, to Janowiak. Janowiak (or his predecessor in interest) had stopped paying the assigned

royalties to Durgom (or his predecessor in interest). The complaint asserted causes of action for breach of contract, money had and received, and unfair business practices (Bus. & Prof. Code, § 17200 et seq.).[1]

On May 1, 1996, Janowiak filed an answer. Among numerous affirmative defenses was "that if in fact any contract existed between decedent E[d]en Ahbez, which is the foundation or predecessor contract to Plaintiff's suit herein, such contract was canceled and annulled and made of no further force and effect between the parties thereto . . . ."

On June 13, 1997, the parties entered into a settlement agreement, orally, but on the record and in open court. It provided that Durgom would receive 12.5 percent of all future royalties.

On July 11, 1997, Janowiak filed a motion to dismiss for lack of subject matter jurisdiction. In it, he asserted Ahbez had transferred *Nature Boy* to a corporation in exchange for royalties. Accordingly, it was the corporation which had held the copyright during the 28-year original copyright term. Ahbez, however, had renewed the copyright in his own name. Accordingly, it was Janowiak's position that, under federal copyright law, at the beginning of the renewal term, all rights to *Nature Boy* had revested in Ahbez, and Durgom's right to royalties had been cut off. Janowiak argued that, as a result, state law was preempted, and the action was in exclusive federal copyright jurisdiction.

On August 8, 1997, Durgom filed a motion to enforce the settlement agreement. (Code Civ. Proc., § 664.6.)

On October 3, 1997, the trial court heard argument on the motion to dismiss, then took it under submission. It continued the hearing on the motion to enforce the settlement agreement.

On December 11, 1997, the trial court granted the motion to dismiss. It ruled: "[T]his action is preempted by 17 U.S.C. [§] 301, et seq. . . . The federal court has exclusive jurisdiction under 28 U.S.C. Section 1338(a). It is true, that plaintiff here seeks to recover under a breach of contract theory, which action would not normally be preempted. However, the issue presented here is whether the subject contract can be enforced after the copyright holder has renewed the copyright under 17 U.S.C. [§] 304. Under . . .

---

[1]The unfair business practices claim additionally alleged that: the unpaid royalties had escheated to the state (see Code Civ. Proc., § 1520, subd. (a)); Janowiak had a practice of failing to pay over such escheated royalties to the state Controller (see Code Civ. Proc., § 1530); and this prevented Durgom, as well as others similarly situated, from claiming them (see Code Civ. Proc., § 1540).

section 304, such renewal revests all rights back in the holder. Such revesting would terminate any contract rights. Consequently, the attempt to enforce a contract in this case directly raises the federal question of whether such enforcement conflicts with the federal copyright law." It also ruled that, because it lacked jurisdiction, it could not enforce the settlement agreement.

On December 24, 1997, the trial court entered judgment dismissing the action. Durgom filed a timely notice of appeal.

## II

### ANALYSIS

■ Federal courts have exclusive jurisdiction "of any civil action arising under any Act of Congress relating to patents . . . [or] copyrights . . . ." (28 U.S.C. § 1338(a).) The meaning of "arising under" a patent or copyright statute for this purpose is the same as the meaning of "arising under" any other federal statute for purposes of general federal question jurisdiction (see 28 U.S.C. § 1331). (*Duncan* v. *Stuetzle* (9th Cir. 1996) 76 F.3d 1480, 1485-1486; see also *Christianson* v. *Colt Industries Operating Corp.* (1988) 486 U.S. 800, 808-809 and fn. 2 [108 S.Ct. 2166, 2173-2174, 100 L.Ed.2d 811].)

"Arising under" jurisdiction is measured by the "well-pleaded complaint" rule. Under this rule, " '. . . federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.' [Citations.]" (*Rivet* v. *Regions Bank of La.* (1998) 522 U.S. 470, 475 [118 S.Ct. 921, 925, 139 L.Ed.2d 912].) " '[A] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.' [Citation.]" (*Franchise Tax Bd.* v. *Laborers Vacation Trust* (1983) 463 U.S. 1, 10-11 [103 S.Ct. 2841, 2847, 77 L.Ed.2d 420], quoting *Gully* v. *First Nat. Bank* (1936) 299 U.S. 109, 112 [57 S.Ct. 96, 97, 81 L.Ed. 70].)

"The mere fact that a controversy involves a patent or copyright does not give rise to federal jurisdiction. [Citations.]" (*Muse* v. *Mellin* (S.D.N.Y. 1962) 212 F.Supp. 315, 316, affd. (2d Cir. 1964) 339 F.2d 888.) "[T]he word 'copyright' is not so compelling as to invoke federal jurisdiction upon its mere mention. Congress left a considerable residue of power in the state courts to pass on 'copyright questions,' including questions involving constructions of the copyright statute[] [citations]." (*Ibid.*)

"For example, '[f]ederal courts have no jurisdiction under [S]ection 1338(a) over actions that depend for their resolution on state laws governing

contract enforcement or construction, or the ownership or transfer of property interests.' [Citation.]" (*Lukasewych* v. *Wells, Rich, Greene, Inc.* (S.D.N.Y. 1990) 747 F.Supp. 1089, 1092, quoting 2 Goldstein, Copyright (1989) § 13.2.1.2 p. 394; accord, *Borden* v. *Katzman* (11th Cir. 1989) 881 F.2d 1035, 1038 ["Contract questions that depend upon common law or equitable principles belong in state court even if they involve copyrights."]; *Saturday Evening Post Co.* v. *Rumbleseat Press, Inc.* (7th Cir. 1987) 816 F.2d 1191, 1194 ["[A] dispute over the terms of a copyright license is not deemed to arise under the Copyright Act . . . ."]; *Dolch* v. *United California Bank* (9th Cir. 1983) 702 F.2d 178, 180 ["Contract questions that depend on common law or equitable principles belong in state court."].)

■ It is particularly relevant here that "[s]tate and not federal courts have jurisdiction in contract actions for nonpayment of royalties arising out of the exploitation of copyrighted works." (3 Nimmer on Copyright (1999) § 12.01[A][2], p. 12-18, and cases cited, fns. omitted.) In *Golden West Melodies, Inc.* v. *Capitol Records, Inc.* (1969) 274 Cal.App.2d 713 [79 Cal.Rptr. 442], the court held an action for royalties due under a licensing agreement for the use of a copyrighted song lay within state, not federal, jurisdiction. It explained: " 'In all such cases it is necessary to distinguish between the copyright and a contract of which the copyright is the subject matter. If the suit is one brought to enforce a right based upon a contract which relates to a copyrighted production, the suit is one which arises out of the contract and is not one arising under the copyright statute, and the federal courts are without jurisdiction. [Citations.]' " (*Id.*, at pp. 717-718, quoting *Danks* v. *Gordon* (2d Cir. 1921) 272 Fed. 821, 827.)

■ It is part and parcel of the well-pleaded complaint rule that "[a] defense is not part of a plaintiff's properly pleaded statement of his or her claim. [Citations.]" (*Rivet* v. *Regions Bank of La., supra,* 522 U.S. at p. 475 [118 S.Ct. at p. 925] [defense that federal judgment was res judicata was not a basis for federal jurisdiction], quoting *Caterpillar Inc.* v. *Williams* (1987) 482 U.S. 386, 392 [107 S.Ct. 2425, 2429-2430, 96 L.Ed.2d 318]; accord, *Oklahoma Tax Commission* v. *Graham* (1989) 489 U.S. 838, 840-842 [109 S.Ct. 1519, 1520-1521, 103 L.Ed.2d 924] [tribal sovereign immunity defense was not a basis for federal jurisdiction]; *Caterpillar Inc.* v. *Williams, supra,* 482 U.S. at pp. 391-393 [107 S.Ct. at pp. 2429-2430] [federal preemption defense was not a basis for federal jurisdiction]; *Louisville & Nashville R.R.* v. *Mottley* (1908) 211 U.S. 149, 152-154 [29 S.Ct. 42, 43-44, 53 L.Ed. 126] [defense that defendant's actions were compelled by federal law was not a basis for federal jurisdiction]; *Pratt* v. *Paris Gaslight & Coke Co.* (1897) 168 U.S. 255, 259-261 [18 S.Ct. 62, 64-65, 42 L.Ed. 458] [in action for purchase price of machine, defense of patent invalidity was not a basis for federal

jurisdiction]; *State of Tennessee* v. *Union & Planters' Bank* (1894) 152 U.S. 454, 459-464 [14 S.Ct. 654, 655-658, 38 L.Ed. 511] [defense of unconstitutional contract impairment was not a basis for federal jurisdiction].) "Thus, it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense . . . even if both parties concede that the federal defense is the only question truly at issue. [Citation.]" (*Caterpillar Inc.* v. *Williams, supra,* 482 U.S. at p. 393 [107 S.Ct. at p. 2430].)

The rationale for disregarding defenses is that "[o]therwise the plaintiff—who can't be sure what defenses the defendant will plead—would not know whether to sue in state or federal court." (*Saturday Evening Post Co.* v. *Rumbleseat Press, Inc., supra,* 816 F.2d at pp. 1194-1195; see also *State of Tennessee* v. *Union & Planters' Bank, supra,* 152 U.S. at p. 459 [14 S.Ct. at p. 656] [" '[T]he right of the plaintiff to sue cannot depend on the defense which the defendant may choose to set up. His right to sue is anterior to that defense, and must depend on the state of things when the action is brought.' "].)

This principle was applied in the copyright context in *Iza Music Corp.* v. *W & K Music Corp.* (S.D.N.Y. 1998) 995 F.Supp. 417. The plaintiffs claimed to be the assignees of the copyright in a song called *Honky Tonk*. They sued the defendant for an accounting of royalties. (*Id.,* at p. 417.) They argued the action was properly brought in federal court because it presented the issue of whether the assignment to them was valid under 17 United States Code section 204(a), which requires a copyright assignment to be in writing. (995 F.Supp. at p. 418.) The court rejected this argument. It reasoned, ". . . this issue will arise, if at all, only if raised as a defense to the allegations of the complaint, a posture insufficient to confer federal jurisdiction." (*Ibid.*) "[A] determination of § 1338 jurisdiction should not include an examination of anticipated defenses. [Citations.]" (*Id.,* at p. 419.) It therefore dismissed the case for lack of subject matter jurisdiction. (*Id.,* at pp. 417, 419; accord, *Keith* v. *Scruggs* (S.D.N.Y. 1981) 507 F.Supp. 968, 970 [federal court lacked subject matter jurisdiction of plaintiff's claim to be co-owner of defendant's copyright; possible copyright law defense that plaintiff was merely a "worker for hire" insufficient for jurisdiction].)

Similarly, in *State, DHRS* v. *Southpointe Pharmacy* (Fla.Dist.Ct.App. 1994) 636 So.2d 1377, the plaintiff sought a copy of a transcript from the defendant, a government agency, under a state public records law. (*Id.,* at pp. 1378, 1380.) The defendant argued this would violate the court reporter's copyright. (*Id.,* at p. 1379.) The appellate court held the presence of this issue did not deprive the state courts of jurisdiction. (*Id.,* at pp. 1378-1380.) "[C]opyright law is not an essential element of [the plaintiff's] claim. . . .

[A] copyright law defense ought not defeat state court jurisdiction 'even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case.' [Citation.]" (*Id.*, at p. 1380, quoting *Franchise Tax Bd.* v. *Laborers Vacation Trust, supra,* 463 U.S. at p. 14 [103 S.Ct.at p. 2848].)

*Cresci* v. *Music Publishers Holding Corporation* (S.D.N.Y. 1962) 210 F.Supp. 253 is practically on all fours with this case. There, the plaintiffs alleged that their father, during the original copyright term of the songs he had written, had assigned his interest in the renewal term to the defendant. He had then induced the plaintiffs, his two daughters, to assign any interest they might have had in the renewal term to the defendant. The plaintiffs sued to rescind their assignments, alleging fraudulent inducement and lack of consideration. (*Id.*, at pp. 254-255.)

The court held it lacked jurisdiction. "No claim is made in the amended complaint that the copyrights involved, original or renewed, are invalid or that they have been infringed. The basic claim is that the assignments by plaintiffs of their renewal rights in the copyrights of their father's compositions were procured by the fraud of their father and through his breach of a confidential relationship with them and that the defendants participated in these acts. . . . [¶] The resolution of such questions depends on principles of common law and equity governing fraud and overreaching and plaintiffs' rights are dependent upon such principles. The fact that fraud has been committed with respect to a patent or a copyright does not confer federal jurisdiction. [Citations.]" (*Cresci* v. *Music Publishers Holding Corporation, supra,* 210 F.Supp. at p. 256.) "Where, as here, . . . a claim of infringement is absent, the federal courts are without jurisdiction to determine questions of title dependent on general common law or equitable principles, and plaintiffs . . . must look to the appropriate state courts to decide such issues. [Citations.]" (*Id.*, at p. 257.)

The plaintiffs argued the defendant had alleged, as a defense, that, as to some of the songs, the plaintiffs' father had died after the renewal application had been filed but before the renewal term had begun. They argued this raised an open question under federal copyright law regarding the ownership of the renewal term under these circumstances. (*Cresci* v. *Music Publishers Holding Corporation, supra,* 210 F.Supp. at p. 259.) The court rejected this as a basis for federal jurisdiction: "Whether an action is one over which jurisdiction has been conferred on the federal courts by Congress must be determined from its nature and foundation and does not depend on the remote possibility that during its future course some question under the copyright laws may incidentally arise. Congress did not confer upon the

federal courts jurisdiction to determine all questions of copyright title. The jurisdiction conferred is only over cases in which federal legislation defines 'the substance of the claim and the relief to be secured.' " (*Id.*, at p. 260, quoting *Harrington* v. *Mure* (S.D.N.Y. 1960) 186 F.Supp. 655, 658.)

■ Here, Durgom's complaint defined a dispute over an assignment of royalties. Thus, it asserted purely state law claims. Indeed, as a dispute over the ownership or entitlement to royalties, rather than the underlying copyright, it was an extra step removed from copyright. The only conceivable federal question—the effect of the renewal term—arose as a matter of defense. Durgom could have stated a well-pleaded claim for the unpaid royalties without any need to allege whether the copyright had been renewed or, if so, what effect the renewal term had had. Accordingly, this action does not arise under the Copyright Act. There can be no federal jurisdiction of this action. If Durgom were to refile this action in federal court, it would be dismissed, and he would be left without a forum. A fortiori, there is no *exclusive* federal jurisdiction of this action.

■ We recognize that there is "an 'independent corollary' to the well-pleaded complaint rule, [citation], known as the 'complete pre-emption' doctrine." (*Caterpillar Inc.* v. *Williams, supra,* 482 U.S. at p. 393 [107 S.Ct. at p. 2430], quoting *Franchise Tax Bd.* v. *Laborers Vacation Trust, supra,* 463 U.S. at p. 22 [103 S.Ct. at pp. 2852-2853].) Under this doctrine, "[o]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law. [Citation.]" (*Caterpillar, supra,* at p. 393 [107 S.Ct. at p. 2430].)

■ This corollary, however, does not apply here. Federal copyright law does not completely preempt state law; it preempts state law only to the extent state law purports to create rights "equivalent to any of the exclusive rights within the general scope of copyright as specified by [17 United States Code] section 106 . . . ." (17 U.S.C. § 301(a).) Generally speaking, those are the exclusive rights to copy, distribute, perform or display publicly, or prepare derivative works based on, the copyrighted work. (17 U.S.C. § 106.) "State laws granting or protecting other rights (such as breach of contract, conversion, defamation, etc.) have not been preempted. [Citations.]" (*In re Marriage of Worth* (1987) 195 Cal.App.3d 768, 778 [241 Cal.Rptr. 135].) The states are expressly allowed to regulate "activities violating legal or equitable rights that are not equivalent to any of the exclusive rights within the general scope of copyright . . . ." (17 U.S.C. § 301(b)(3).)

Durgom's alleged state law right to receive royalties pursuant to contract is not equivalent to any of the exclusive rights secured by a federal copyright. Indeed, Durgom does not claim any interest in the copyrighted work

itself. Similarly, Durgom's alleged state law right to have unpaid royalties escheat to the state so he can claim them is in no way equivalent to a federal copyright. Accordingly, his claims are not preempted. (See *Balboa Ins. Co. v. Trans Global Equities* (1990) 218 Cal.App.3d 1327, 1339-1353 [267 Cal.Rptr. 787] [state law claims based on misappropriation of copyrightable trade secrets not preempted], cert. den. *sub nom. Collateral Protection Ins. Svcs. v. Balboa Ins. Co.,* 498 U.S. 940 [111 S.Ct. 347, 112 L.Ed.2d 311].)

We conclude the trial court erred by granting the motion to dismiss. In the present posture of the appeal, we need not decide what effect, if any, the renewal term actually had on Durgom's alleged right to receive royalties. We also need not decide whether Durgom was entitled to enforce the settlement agreement, nor what effect, if any, the settlement agreement will have on remand. We express no opinion on these issues.

### III

#### DISPOSITION

The judgment is reversed. Janowiak has asked that each party bear its own costs. Durgom has not opposed this request, and we find it to be in the interests of justice. (See Cal. Rules of Court, rule 26(a).) Accordingly, each party shall bear its own costs.

McKinster, Acting P. J., and Ward, J., concurred.