Dr. Russell D. KANE, et al., Plaintiffs,

v.

NACE INTERNATIONAL,
et al., Defendants.

No. Civ.A. H–00–1261.

United States District Court,
S.D. Texas,
Houston Division.

June 20, 2000.

Raymond R. Ferrera, Intellectual Property & Taxation Matters, Sugarland, TX, for Plaintiffs.

Susan Abbott Schwartz, Henslee Fowler et al., Dallas, TX, for Defendants.

## MEMORANDUM AND OPINION

ROSENTHAL, District Judge.

Plaintiffs, Russell D. Kane and Inter-Corr International, Inc., sued defendants, NACE International, Gerald M. Shankel, Lee Magnon, and William Gundacker, in state district court. Plaintiffs alleged state common law unfair competition and restraint of trade claims. Defendants removed, asserting that the claims arise under the federal Copyright Act, 17 U.S.C. §§ 1–101 and are therefore within federal question jurisdiction. Plaintiffs have moved to remand for lack of subject matter jurisdiction, contending that they have alleged only state law causes of action.

Based on a review of the pleadings, the motion and response, the parties' submissions, and the applicable law, this court GRANTS the motion to remand. The reasons are set out below.

## I. Background

In the state court petition, plaintiffs alleges that Dr. Russell D. Kane is the founder of InterCorr, a Texas company that provides contract technical services relating to corrosion science to the petroleum and chemical industries. Defendants, NACE International and its officers and directors, are a "rival technical organization." (Docket Entry No. 1, Ex. A, Plaintiffs' Original Petition, p. 3). NACE is a not-for-profit organization that "is the world's largest and most important sponsor of corrosion trade shows and related publications." (*Id.*). Despite the rivalry, InterCorr is a member of NACE and Dr. Kane has been an active participant in the organization. (*Id.*). Dr. Kane and Inter-Corr allege that in addition to recent efforts to expand an Internet presence, they continue to rely on their participation in NACE-sponsored publications and conferences as a critical source of business.

In 1998, InterCorr assigned to NACE the copyrights to certain technical papers Dr. Kane and another InterCorr employee, Dr. Saadedine Tebbal, had written for publication in NACE journals. The papers as first published showed the names of both authors, Dr. Kane and Dr. Tebbal. NACE gave InterCorr permission to reprint one of the papers in a third-party journal. The republished paper showed only Dr. Kane as the author; Dr. Tebbal's name did not appear. By that time, Dr. Tebbal was no longer employed by InterCorr. Dr. Tebbal complained by initiating a member disciplinary inquiry with NACE, alleging " 'copyright infringement and author names falsification.' " (*Id.*, p. 4). Dr. Kane alleges that he provided NACE a legal opinion from a copyright practitioner advising that InterCorr was the only "legal author" of the paper. Dr. Kane also alleges that NACE had no express policy governing such "author issues." However, the NACE executive committee concluded that Dr. Kane had acted "unethically" in removing Dr. Tebbal's name from the paper on republication. The committee concluded that Dr. Tebbal was the paper's "principal author." NACE censured Dr. Kane and prohibited him from participating in certain NACE activities for two years. Dr. Kane alleges that by taking this swift action, NACE violated its own procedural rules, which require the issuance of a written cease and desist letter

and a thirty-day opportunity for voluntary compliance.

Dr. Tebbal later complained about a second reprinted paper that omitted his name as an author and showed only Dr. Kane's name. NACE again censured Dr. Kane for "unethical" conduct in changing the attribution of the article. The sanction NACE imposed precluded Dr. Kane from participation in a broad range of NACE activities through 2003.

In this lawsuit, Dr. Kane and InterCorr allege that NACE's sanctions against Dr. Kane "based on incorrect application of the United States Copyright Act constitute acts of unfair competition and trade restraint" by denying plaintiffs access to important markets in the corrosion industry. (*Id.*, p. 5). Plaintiffs also allege that NACE's issuance of the sanction without the cease and desist letter and waiting period violated NACE's own rules and is "improper behavior" for a tax-exempt organization. (*Id.*).

In the notice of removal, defendants cited 28 U.S.C. §§ 1441, 1331, and 1338(a). Section 1338(a) states that federal district courts "shall have original [and exclusive] jurisdiction of any civil action arising under any Act of Congress relating to ... copyrights." Defendants assert that this case is removable because the Copyright Act is "the crux" of plaintiffs' claims for state law unfair competition. (Docket Entry No. 7, p. 4). Defendants argue that plaintiffs' state law claims depend on whether NACE correctly applied the law of copyright when it sanctioned Dr. Kane for removing the name of the author in the republished article. Plaintiffs assert that under applicable precedent, their claims may incidentally involve the Copyright Act, but do not arise under it, so as to give rise to federal removal jurisdiction.

## II. Analysis

Federal district courts have original jurisdiction over any civil action arising under the Copyright Act. 28 U.S.C. § 1338(a). The issue is whether plaintiffs' claims arise under the Copyright Act, as defendants contend, or merely involve the Act to a degree insufficient to confer jurisdiction. Plaintiffs rely upon *T.B. Harms Co. v. Eliscu*, 339 F.2d 823, 824 (2d Cir.1964) (Friendly, J.), to support their argument for remand. Defendants respond by arguing that *Harms* is not law in this circuit.

■ All the circuits that have considered the question whether a suit with issues including non-copyright matters arises under the Copyright Act for purposes of section 1338, including the Fifth Circuit, have adopted the *Harms* test. In *Goodman v. Lee*, 815 F.2d 1030, 1031 (5th Cir.1987), the Fifth Circuit expressly adopted the *Harms* test: "[A]n action 'arises under' the Copyright Act if and only if the complaint is for a remedy expressly granted by the Act ... or asserts a claim requiring constructing of the Act, ... or, at the very least and perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim." *Id.* (quoting *Harms*, 339 F.2d at 828). *See also Bassett v. Mashantucket Pequot Tribe*, 204 F.3d 343, 351 (2d Cir. 2000); *Royal v. Leading Edge Products, Inc.*, 833 F.2d 1, 2 (1st Cir.1987) (noting that the *Harms* test is "[t]he most frequently cited test" and applying that test); *Arthur Young & Co. v. City of Richmond*, 895 F.2d 967, 969–70 (4th Cir.1990) ("Judge Friendly, in *T.B. Harms Co. v. Eliscu*, 339 F.2d 823 (2d Cir.1964), set out what has remained the definitive jurisdictional test for copyright cases...."); *Vestron, Inc. v. Home Box Office, Inc.*, 839 F.2d 1380, 1381 (9th Cir.1988) ("We have settled on Judge Friendly's formulation of copyright jurisdiction law as our test...."); *MCA Television Ltd. v. Public Interest Corp.*, 171 F.3d 1265, 1269 (11th Cir.1999) ("In *Sullivan*, we cited with approval Judge Friendly's articulation of the standard for jurisdiction under 28 U.S.C. § 1338....") (citing *Sullivan v. Naturalis, Inc.*, 5 F.3d 1410, 1412 (11th Cir.1993)).

In *Harms*, the plaintiff sought a declaratory judgment that he was the sole owner of renewal copyrights. *See id.* at 825. At issue was whether one of the defendants had previously assigned his interest in the copyrights to the plaintiff's agent, or whether the defendant had retained his interest and had later validly assigned it to a second defendant. *See id.* at 824–25. The plaintiff did not assert any claim of infringement and did not seek relief under the Copyright Act. The district court dismissed the action for lack of subject matter jurisdiction on the ground that the "fundamental controversy" in the case did not involve an alleged infringement of copyright, but merely the execution of an assignment. *See T.B. Harms Co. v. Eliscu,* 226 F.Supp. 337, 338 (S.D.N.Y.1964).

The court of appeals reached the same conclusion as to jurisdiction, but relied on quite different reasoning. *See Harms,* 339 F.2d at 824–25. Judge Friendly recognized that a complaint that did not allege copyright infringement might nevertheless "arise under" the Copyright Act for the purpose of section 1338. The court stated the appropriate test as follows:

> [A]n action "arises under" the Copyright Act if and only if the complaint is for a remedy expressly granted by the Act, e.g., a suit for infringement or for the statutory royalties for record reproduction ..., or asserts a claim requiring construction of the Act ..., or, at the very least and perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim. The general interest that copyrights, like all other forms of property, should be enjoyed by their true owner is not enough to meet this last test.

*Harms,* 339 F.2d at 828. Because the suit did not fall within any of the three enumerated categories, the court found that it did not "arise under" the copyright laws for purpose of section 1338 and that jurisdiction was therefore lacking. *See id.* at 825–28.

Under *Harms*, the analysis turns on whether and how the face of a plaintiff's complaint implicates the Copyright Act. Applying the *Harms* analysis to the allegations in this case, this court concludes that it is without subject matter jurisdiction. Plaintiffs' claims do not fall within any of the three enumerated categories of the *Harms* test.

Defendants do not contend that plaintiffs seek "remed[ies] expressly granted by [Copyright] Act" or that "a distinctive policy of the [Copyright] Act requires that federal principles control the disposition of the [plaintiffs'] claim[s]." Rather, defendants argue that plaintiffs' allegations of unfair competition "requir[e] construction of the [Copyright] Act" under *Harms*. This court does not agree.

Defendants rely on several of the plaintiffs' allegations in the state court petition to support the argument that plaintiffs' claims require construction of the Copyright Act. The petition alleged that "InterCorr assigned to NACE the copyrights to certain technical papers it created for publication in various NACE journals." (Docket Entry No. 1, Ex. A, Plaintiffs' Original Petition, p. 4). After InterCorr published one of the papers in a third-party journal, removing Dr. Tebbal's name from the paper, Dr. Tebbal filed a disciplinary complaint with the NACE, alleging "copyright infringement and author names falsification." (*Id.*). In response to the complaint, Dr. Kane submitted "a legal opinion from a copyright practitioner advising that InterCorr was the paper's sole legal author," rather than Kane (whose name evidently remained on the articles) or Tebbal (whose name was removed). (*Id.*). Finding "unethical" conduct, the NACE disciplined Dr. Kane. Plaintiffs alleged that "NACE's sanctions regarding Dr. Kane based on incorrect application of the United States Copyright Act constitute[d] acts of unfair competition and trade restraint." (*Id.*, p. 5).

These references to federal copyright law in the petition are not sufficient to make the plaintiffs' claims "arise under" the Copyright Act. Plaintiffs assert unfair competition claims based on Texas law. The Texas law of unfair competition is "the umbrella for all statutory and nonstatutory causes of action arising out of business conduct which is contrary to honest practice in industrial or commercial matters." *American Heritage Life Ins. Co. v. Heritage Life Ins. Co.,* 494 F.2d 3, 14 (5th Cir.1974); *see also Seatrax, Inc. v. Sonbeck Int'l, Inc.,* 200 F.3d 358, 367–68 (5th Cir.2000). Within the broad scope of unfair competition are independent causes of action such as trade secret, "palming off" or passing off, and misappropriation, to name only a few. *See* W. PAGE KEETON ET AL., PROSSER AND KEETON ON THE LAW OF TORTS § 130 at 1013–30 (5th ed.1984). In this case, plaintiffs have pleaded only "unfair competition" and have not specified whether they are alleging any of the narrower, independent claims that fall under that umbrella. However, the heart of plaintiffs' claims is that the NACE disciplined Dr. Kane in order to impair the business performance of InterCorr. The action centers on the NACE's actions and motive in disciplining Dr. Kane, issues far removed from copyright law.

Plaintiffs allege that the NACE was in competition with InterCorr. Plaintiffs allege that the NACE had no substantive policies governing the resolution of "author issues" when it disciplined Dr. Kane and failed to follow its policies dictating certain procedural steps in disciplining a member. Plaintiffs also assert that the NACE disciplined Dr. Kane "based on an incorrect application of the Copyright Act," seemingly to discredit the NACE's stated reasons for its actions. Only the last of these allegations implicates copyright law in any way.

Plaintiffs attack disciplinary action that was based on "unethical" conduct, not a violation of the Copyright Act. The elements of the unfair competition claim plaintiffs assert do not require a finder of fact to determine whether the NACE correctly applied copyright law in its discipline of Dr. Kane. Under these circumstances, this court rejects defendants' argument that federal subject matter jurisdiction exists because the claims require construction of the Copyright Act.

The cases in which courts have found federal subject matter jurisdiction because the "claims requiring construction of the [Copyright] Act" have involved actions based on rights created by the Copyright Act, even if the Act did not expressly create the remedy sought by the plaintiff. The courts have found federal jurisdiction in actions seeking a declaratory judgment that a plaintiff was a statutory co-author of copyright material, *see Goodman,* 815 F.2d at 1031–32; *Lieberman v. Estate of Chayefsky,* 535 F.Supp. 90 (S.D.N.Y.1982), and in actions seeking a declaratory judgment that a plaintiff was a co-owner of a copyright by virtue of the plaintiff's status as a statutory co-author. *See Merchant v. Levy,* 92 F.3d 51, 55–56 (2d Cir.1996). It is undisputed that plaintiffs assert claims based on rights created by state law. Plaintiffs' reference to federal copyright law is not sufficient to create federal jurisdiction under section 1338(a).

■ Federal preemption also fails to support the existence of removal jurisdiction. The Fifth Circuit has not yet considered whether section 301 of the Copyright Act completely preempts certain state-law claims, such that "complaints filed in state courts purporting to plead such state . . . law causes of action are removable to federal court under 28 U.S.C. § 1441(b)." *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 60, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) (discussing complete preemption in the ERISA context).[1] Even if the Copy-

---

1. Courts have applied the complete preemption corollary to the wellpleaded complaint rule in cases raising claims preempted by section 301 of the Copyright Act. *See, e.g.,*

right Act does have this broad preemptive effect, however, this court lacks jurisdiction because this case is outside the scope of section 301 of the Act.

The express preemption provisions of section 301(a) of the Copyright Act apply to a state law cause of action based on

> legal or equitable rights [created by state law] that are equivalent to any of the exclusive rights within the scope of copyright as specified by section 106 [of the Act] in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103 [of the Act]. . . .

17 U.S.C. § 301(a); *see also Daboub v. Gibbons,* 42 F.3d 285 (5th Cir.1995). "Section 106 [of the Act] grants the holder of a copyright the exclusive right to reproduce, distribute, perform, and display the copyrighted work." *Daboub,* 42 F.3d at 289. The question in this case is whether plaintiffs' state law claims are based on rights equivalent to those protected by section 106.

In *Computer Associates International, Inc. v. Altai, Inc.,* 982 F.2d 693 (2d Cir. 1992), the Second Circuit discussed in depth the general law of copyright preemption in connection with trade secret claims, which fall under the umbrella of unfair competition. The Second Circuit stated that section 301 "preempts only those state law rights that 'may be

abridged by an act which, in and of itself, would infringe one of the exclusive rights' provided by federal copyright law." *Id.* at 716 (quoting *Harper & Row Publishers, Inc. v. Nation Enters.,* 723 F.2d 195, 200 (2d Cir.1983), *rev'd on other grounds,* 471 U.S. 539, 105 S.Ct. 2218, 85 L.Ed.2d 588 (1985)). The court continued:

> [If] an "extra element" is required instead of or in addition to the acts of reproduction, performance, distribution or display, in order to constitute a state-created cause of action, then the right does not lie "within the general scope of copyright," and there is no preemption. A state law claim is not preempted if the "extra element" changes the "nature of the action so that it is qualitatively different from a copyright infringement claim." . . . To determine whether a claim meets this standard, we must determine "what plaintiff seeks to protect, the theories in which the matter is thought to be protected and the rights sought to be enforced." . . . .
>
> Following this "extra element" test, we have held that unfair competition and misappropriation claims grounded solely in the copying of a plaintiff's protected expression are preempted by section 301 . . . .
>
> However, many state law rights that can arise in connection with instances of copyright infringement satisfy the extra element test, and thus are not preempt-

---

*Rosciszewski v. Arete Assocs., Inc.,* 1 F.3d 225 (4th Cir.1993), in which the court held as follows:

> The grant of exclusive jurisdiction to the federal district courts over civil actions arising under the Copyright Act, combined with the preemptive force of § 301(a), compels the conclusion that Congress intended that state-law actions preempted by § 301(a) of the Copyright Act arise under federal law. Accordingly, we hold that the preemptive force of § 301(a) of the Copyright Act transforms a state-law complaint asserting claims that are preempted by § 301(a) into a complaint stating a federal claim for purposes of the well-pleaded complaint rule. Since claims preempted by § 301(a) arise under federal law, removal of actions rais-

ing these claims to federal district court is proper.

*Id.* at 232; *see also Gemcraft Homes Inc. v. Sumurdy,* 688 F.Supp. 289 (E.D.Tex.1988). However, the courts have limited the circumstances under which complete preemption applies. *See, e.g., Kodadek v. MTV Networks, Inc.,* 152 F.3d 1209, 1212 (9th Cir.1998) (state law claim is completely preempted only if the work at issue is copyrightable and the state law grants right equivalent in scope to the rights granted under copyright); *Dielsi v. Falk,* 916 F.Supp. 985, 992 (C.D.Cal.1996) (finding complete preemption when a claim pleaded under state law attempts to circumvent the copyright laws by asserting an equivalent right).

ed by section 301. These include unfair competition claims based upon breaches of fiduciary duties and trade secrets.

. . . . Trade secret claims often are grounded upon a defendant's breach of a duty of trust or confidence to the plaintiff through improper disclosure of confidential material. The defendant's breach of duty is the gravamen of such trade secret claims, and supplies the "extra element" that qualitatively distinguishes such trade secret causes of action from claims for copyright infringement that are based solely upon copying. 982 F.2d 693, 716–717 (2d Cir.1992) (citations omitted).

The gravamen of plaintiffs' state court petition is for unfair competition in excluding Kane from participating in NACE. That state law cause of action clearly has elements not included in the Copyright Act and is not preempted by the Copyright Act. *See id.; Ez–Tixz, Inc. v. Hit–Tix, Inc.*, 919 F.Supp. 728, 737–38 (S.D.N.Y. 1996) (holding that because "plaintiff's claim for trade secret misappropriation require[d] proof of a breach of confidence, it [was] not preempted by federal law"); *Harbor Software, Inc. v. Applied Systems, Inc.*, 887 F.Supp. 86, 89 (S.D.N.Y.1995) ("State law causes of action that have been held not to be preempted by the Copyright Act include breach of confidentiality, breach of trust, unfair competition, and trade secret misappropriation. Accordingly, I reject defendant's assertion that plaintiff's trade secret misappropriation and unfair competition claims are preempted.") (citations omitted); *Enhanced Computer Solutions, Inc. v. Rose*, 927 F.Supp. 738, 739–40 (S.D.N.Y.1996) (holding that the employer's state law cause of action for misappropriation, breach of confidential relationship, and tortious interference was not preempted by the Copyright Act for federal removal jurisdiction because the

claims required proof of elements not present in that Act).

Because plaintiffs' claim is not preempted by section 301 of the Copyright Act, the complaint does not arise under federal law.

### III. Conclusion

Federal question jurisdiction is lacking in this case. This court GRANTS plaintiffs' motion to remand and REMANDS this case to the 281st Judicial District Court of Harris County, Texas.[2]

### ORDER OF REMAND

In accordance with the Memorandum and Opinion of even date, this action is remanded to the 281st Judicial District Court of Harris County, Texas.

---

2. Because federal jurisdiction is absent, this court does not reach plaintiff's arguments

based on defects in the notice of removal.