Philip **BAPTISTE**

v.

George **KHOURY.**

Civ. A. No. 95–1556–LC.

United States District Court,
W.D. Louisiana,
Lake Charles Division.

Jan. 10, 1996.

Trevor G. Bryan and Lynne M. Myers, Bryan & Jupiter, New Orleans, LA, for plaintiff.

John M. Crochet and Perry Ray Sanders, Jr., Sanders & Crochet, Lake Charles, LA, for defendant.

NAUMAN S. SCOTT, District Judge.

### RULING

Before the court is plaintiff's Motion for Temporary Restraining Order, Preliminary Injunction, and Declaratory Judgment. We consider whether this court has jurisdiction over a suit for damages and an injunction by a songwriter against a non-diverse defendant who claims to have co-authored the song, and who has been collecting royalties under an allegedly fraudulent contract. We conclude that we do not.

### FACTS

Philip Baptiste claims to have written and registered copyrights to two songs titled "Sea of Love" and "Juella" in 1957. On February 3, 1959, Baptiste entered into a contract assigning his rights in "Sea of Love" and "Juella" to Kamar Publishing Company in exchange for writer's royalties. Defendant George Khoury's name appears on this contract under Baptiste's name in the space designating the writer, and Khoury's signature appears beneath Baptiste's at the end of the contract. The song as produced and published by Kamar was registered for copyright in 1959 with both Baptiste and Khoury listed as authors.

The song "Sea of Love" achieved broad commercial success, and was recorded by several well-known artists. Since 1959, both Baptiste and Khoury apparently have been credited with authorship of the song "Sea of Love," and both have apparently received writer's royalties.

Baptiste instituted a complaint for accounting, damages, and injunctive relief on August 31, 1995. Baptiste claims that Khoury's name was surreptitiously added to the February 1959 contract without his knowledge, and that he was the sole author of the song. He seeks to enjoin Khoury from holding himself out as co-author of the song and collecting songwriter's royalties thereon, and he requests an amount equal to all songwriter royalty sums collected by Khoury.

### DISCUSSION

Federal jurisdiction in copyright contract cases is a murky area of the law. The federal jurisdictional statute, 28 U.S.C. § 1338(a), simply provides that district courts have jurisdiction of all civil actions "arising under" an Act of Congress relating to copyrights. The leading case interpreting this statute in actions pertaining to both state law of contracts and federal copyright law is *T.B. Harms Co. v. Eliscu*, 339 F.2d 823 (2d Cir.1964), *cert. denied*, 381 U.S. 915, 85 S.Ct. 1534, 14 L.Ed.2d 435 (1965). Judge Friendly held that "an action 'arises under' the Copyright Act if and only if the complaint is for a remedy expressly granted by the Act, e.g., a suit for infringement or for the statutory royalties for record reproduction ... or asserts a claim requiring construction of the Act ... or, at the very least and perhaps more doubtfully, presents a case where a

distinctive policy of the Act requires that federal principles control the disposition of the claim." *Id.* at 828.

A few loose rules have been established by applying these principles. Federal courts have jurisdiction of suits for infringement of a copyright outside of the contractual context. *Schoenberg v. Shapolsky Publishers, Inc.,* 971 F.2d 926 (2d Cir. 1992) (unauthorized publication of a manuscript after breach of licensing contract). Suits to determine whether a plaintiff contributed to a work sufficiently to attain author status also fall within the scope of federal jurisdiction. *Goodman v. Lee,* 815 F.2d 1030, 1031 (5th Cir.1987) (determining authorship involves application and interpretation of Copyright Act). A suit for ownership or royalties due under a contract is within state court jurisdiction. *Rotardier v. Entertainment Co. Music Group,* 518 F.Supp. 919 (S.D.N.Y.1981). A suit for fraudulent procurement of assignments will also fall under the jurisdiction of the state courts. *Cresci v. Music Publishers Holding Corp.,* 210 F.Supp. 253, 256 (1962) ("The fact that fraud has been committed with respect to a patent or a copyright does not confer federal jurisdiction.").

When the face of the complaint alleges both state contract issues and a resultant infringement, the issue is often obscure, and contradictory results have been reached by the courts. *See* Amy B. Cohen, *"'Arising Under' Jurisdiction and the Copyright Laws"* 44 Hastings L.J. 337 (1993). Some courts have looked beyond the face of the complaint to determine the "principal and controlling issue" of the suit. *See,* Cohen at 362–63; *Elan Associates, Ltd. v. Quackenbush Music, Ltd.,* 339 F.Supp. 461 (S.D.N.Y. 1972). Whether or not jurisdiction over an action "has been conferred on the federal courts by Congress must be determined from its nature and foundation and does not depend on the remote possibility that during its future course some question under the copyright laws may incidentally arise." *Cresci, supra* at 260. If resolution of the issue of state law will resolve the copyright question, or if the copyright issue is merely incidental, then state law should be applied; but if the federal infringement issue will require a separate and substantial inquiry, then federal jurisdiction exists. *See Schoenberg, supra* at 932; *Dolch v. United California Bank,* 702 F.2d 178 (9th Cir.1983).

We find that resolution of the state contract fraud issue is principal and controlling in this case. If it is found that Khoury did not surreptitiously add his name to the publishing agreement, but signed on with Baptiste's knowledge and consent, then Baptiste's claim for royalties paid to Khoury under the contract will remain a question of state law. However, if Khoury fraudulently collected royalties under this contract from Kamar Publishing Company and its assigns that were owed to Baptiste, the accounting and repayment that may thereby become due can be reached by a state court without reference to the Copyright Act.

Accordingly, the Motion is hereby **GRANTED** and this suit is **DISMISSED** for lack of subject matter jurisdiction.