DEAD KENNEDYS d/b/a Decay Music, a California general partnership; East Bay Ray a/k/a Ray Pepperell; Klaus Flouride a/k/a Geoffrey Lyall; D.H. Peligro a/k/a Darren Henley Plaintiffs,

v.

Jello BIAFRA a/k/a Eric Reed Boucher, individually and d/b/a Alternative Tentacles Records; Mordam Records, a California business entity; and Does 1 through 30, inclusive Defendants.

No. C–98–4543 DLJ.

United States District Court, N.D. California.

Feb. 8, 1999.

David C. Phillips, David M. Given, Paul Karl Lukacs, Phillips & Erlewine, LLP, San Francisco, CA, for Dead Kennedys, a California general partnership dba Decay Music, East Bay Ray aka Ray Pepperell, Klaus Flouride aka Geoffrey Lyall, D.H. Peligro aka Darren Henley, Plaintiffs.

Michael V. Lirocchi, Lanahan & Reilly LLP, Santa Rosa, CA, Jeffrey A. Berchenko, Berchenko & Korn, Paul Raynor Keating, Thomas Kevin Konicek, Lanahan & Reilley LLP, Marc H. Greenberg, Nelsen Greenberg & Cohen, San Francisco, CA, for Jello Biafra, individually aka Eric Reed Boucher aka Eric Reed dba Alternative Tenacles Records, Mordam Records, a California Business entity, defendants.

## ORDER

JENSEN, District Judge.

On February 3, 1999, the Court heard argument on plaintiffs' motion to remand this case to the state courts. David M. Given and Paul Karl Lukacs appeared on behalf of plaintiffs; Paul Raynor Keating appeared for defendant Jello Biafra. Having considered the arguments of counsel, the papers submitted, the applicable law,

and the record in this case, the Court hereby GRANTS the motion.

## I. BACKGROUND

A. *Factual Background and Procedural History*

Plaintiffs are Decay Music, a general partnership, and three of its four partners. The four partners in Decay Music once comprised the rock music band called the Dead Kennedys. The three individual plaintiffs are three of the former members of the Dead Kennedys and three of the partners in Decay Music: East Bay Ray, Klaus Flouride, and D.H. Peligro. Defendant is the fourth member and partner, Jello Biafra. All of the parties are California domicilaries. In 1986, the band ended its recording and touring activities because of differences among the band members.

Decay Music was formed as a California general partnership in 1981 by the four members of the Dead Kennedys. The four band members are equal partners, each having a one-quarter voting and ownership interest. Plaintiffs describe Decay Music as the "exclusive business and administrative entity for all Dead Kennedys business endeavors." Complaint ¶ 12. Plaintiffs claim Decay Music has exclusive rights over the Dead Kennedys' musical compositions and sound recordings ("the Catalog").

In 1979, the Dead Kennedys formed Alternative Tentacles to act as their own record label. An oral agreement in 1986 among the band members transferred ownership of Alternative Tentacles from Decay Music to Biafra individually. On September 30, 1998, plaintiffs met during a Decay Music partnership meeting and on a 3–0 vote terminated Alternative Tentacles' right to administer and exploit the Catalog, effective October 1, 1998. Biafra claims that he offered to send a proxy to the meeting, which he was unable to attend, but that his offer was refused. Around October 23, 1998, Biafra paid a sum of royalties into a trust account. He conditioned release of that money to the partnership and the individual partners on

his approval or the existence of a court order requiring him to release the funds.

On October 29, 1998, plaintiffs brought an action in San Francisco Superior Court against Mordam Records and against Biafra, both in his status as an individual and as the owner of the sole proprietorship Alternative Tentacles Records.[1] The complaint alleges seven state law causes of action: (1) a declaratory judgment that Decay Music validly terminated Alternative Tentacles' right to exploit the Catalog; (2) breach of Biafra's fiduciary duties to his partners through self-dealing; (3) conversion by Biafra of income that rightfully belongs to the partnership; (4) breach of the oral agreement that transferred ownership of Alternative Tentacles to Biafra from Decay Music; (5) unjust enrichment of Biafra at the expense of his partners; (6) engagement in unfair business practices by Biafra and Mordam Records; and (7) injunctive relief to preserve Decay Music's exclusive rights to exploit the Catalog against Biafra and Mordam.

Defendant Mordam counter-claimed in interpleader for resolution of to whom it should pay royalties: Decay Music or Alternative Tentacles. Mordam distributes records at wholesale for Alternative Tentacles pursuant to an oral agreement with Biafra. Mordam has filed a notice of non-opposition to the motion to remand.

Defendant Biafra removed the case to federal court on the basis that the complaint, in particular counts one and seven, pled a claim arising under the Copyright Act. As one of his affirmative defenses, Biafra contends that plaintiffs' claims are barred in whole or in part by Biafra's rights as an author in the sound and video recordings and in the underlying musical compositions. According to Biafra, he retained individual title to his rights in the works and licensed his rights to Alternative Tentacles. Biafra claims that Decay Music merely acts as an administrator for the purposes of distributing royalties and that the partnership has no rights in the underlying works.

---

1. Plaintiffs also filed suit against Does 1    through 30, who are not yet before the Court.

Biafra has counterclaimed with ten causes of action: (1) declaratory judgment that he is an author with rights in the works that have not been assigned or licensed and which he is free to exercise; (2) breach of fiduciary duty; (3) breach of contract; (4) conversion; (5) defamation; (6) intentional inducement of breach of contract; (7) intentional interference with prospective economic advantage; (8) conspiracy; (9) unfair competition under California Business and Professions Code § 17200; and (10) injunctive relief under the Copyright Act.

Plaintiffs now move to have the case remanded to state court for lack of federal subject matter jurisdiction.

B. *Legal Standard*

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *see* 28 U.S.C. § 1441 (removal jurisdiction).

To invoke federal-question jurisdiction, this action must "arise under federal copyright law." *Vestron, Inc. v. Home Box Office, Inc.,* 839 F.2d 1380, 1381 (9th Cir. 1988). Application of the well-pleaded complaint rule renders the initial complaint dispositive on this question. *See .id.* The determination cannot consider "anything alleged in anticipation or avoidance of defenses." *See id.* (quoting *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).) Nor may affirmative defenses alleged by defendant be considered. *See id.*

In the Ninth Circuit, federal subject matter jurisdiction exists in copyright cases if one of three grounds is satisfied: (1) the claim "is for a remedy expressly granted by the [Copyright] Act"; (2) the complaint "asserts a claim requiring construction of the Act"; or (3) the case "presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the case." *See id.* (quoting *T.B. Harms Co. v. Eliscu,* 339 F.2d 823, 828 (2d Cir.1964)). "Contract questions that depend on common law or equitable principles belong in state court." *Dolch v. United Cal. Bank,* 702 F.2d 178, 180 (9th Cir.1983) (addressing the validity of an assignment).

■■■ Co-owners of a copyright, and their licensees, cannot be liable to one another for infringement of that copyright as a matter of law. *See Oddo v. Ries,* 743 F.2d 630, 632 (9th Cir.1984).[2] "[E]ach co-owner has an independent right to use or license the use of the copyrights." *See id.* at 633. An action for an accounting or determination of ownership as between alleged co-owners is founded in state law and does not arise under the copyright laws. *See id.* These rules apply whether co-ownership arises from joint authorship or through co-ownership of rights through a partnership. *See id.*

## II. DISCUSSION

All of the parties to this action are California domicilaries and so federal subject matter jurisdiction will subsist only if there is a federal question. Plaintiffs argue that the action must be remanded because the claims are all based in state law causes of action and because defenses based in federal law are insufficient to confer subject matter jurisdiction.

■■ Defendant first argues that the doctrine of complete preemption makes this a federal case. The fact that certain copyright provisions, such as 17 U.S.C. § 204, which requires that any license granting exclusive rights to another must be in writing, may preempt certain state law provisions, such as those permitting

**2.** *Rano v. Sipa Press, Inc.,* 987 F.2d 580 (9th Cir.1993), while applicable authority with respect to the termination issue does not aid the subject matter jurisdiction question because it did not involve, as this case does, the special case in which both plaintiffs and defendant hold rights in the works granted by copyright, that is, as co-authors.

oral agreements, does not change a state-based cause of action into a federal one. *See, e.g., Valente–Kritzer Video v. Pinckney,* 881 F.2d 772, 775–76 (9th Cir.1989); *PMC, Inc. v. Saban Entertainment, Inc.,* 45 Cal.App.4th 579, 584, 52 Cal.Rptr.2d 877 (1996). Biafra's defenses are not to be considered in determining whether or not the Court has subject matter jurisdiction. *See Vestron,* 839 F.2d at 1381.

■ As for the two state claims most likely to run afoul of complete preemption, plaintiffs have pled them in terms that avoid preemption. A state law right is completely preempted only if the work at issue is copyrightable and the state law grants right equivalent in scope to the rights granted under copyright. *See Kodadek v. MTV Networks, Inc.,* 152 F.3d 1209, 1212 (9th Cir.1998). The unfair business practices claim focuses on self-dealing with respect to promotional activities and failure to pay royalties; the claim does not attempt to mimic an infringement action by claiming unfair use of the works at issue. *See id.* Nor does plaintiffs' conversion action attempt to circumvent the copyright laws by asserting an equivalent right, rather it alleges conversion of royalties, not of the works themselves. *See Dielsi v. Falk,* 916 F.Supp. 985, 992 (C.D.Cal.1996).

Defendant next contends that in their first and seventh claims, plaintiffs have pled causes of action arising under federal copyright law. Plaintiffs counter that they are asserting rights granted under state law.

■ The first cause of action does not attempt to raise an infringement claim, but rather seeks resolution of the parties' respective rights and duties. Ownership and title rights are matters of common-law and do not arise under the Copyright Act. *See Oddo,* 743 F.2d at 633. In essence, plaintiffs seek an accounting and determination of ownership rights, which are matters to be decided under state law. *See id.*

The seventh cause of action pleads a claim for injunctive relief on the theory that Biafra will continue to exploit the materials for which Decay Music allegedly holds exclusive rights to control the exploitation unless he is enjoined. Biafra is a co-owner of all the works in dispute, either through his own authorship efforts or through his participation in the partnership. Mordam is a licensee of Biafra and thus its rights are derivative of Biafra's. As a matter of law, in the Ninth Circuit, co-owners cannot infringe on each others' copyrights; they can only violate rights allocated by contract. *See Oddo,* 743 F.2d at 633. Accordingly, the Court construes the seventh cause of action as a an effort to enjoin Biafra from violating a written agreement with Decay Music granting them exclusive rights to works for which he is an author, which therefore would bar him from exploiting the works independently. Whether Biafra ever validly assigned his rights in the works exclusively to Decay Music, thereby depriving himself of his ability as a joint author to exercise those rights independently, is a matter of contract law for the state courts to decide.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS the motion and hereby REMANDS the case to the state courts.

IT IS SO ORDERED.