**Steve H. CROOKS, in his capacity as Clerk of Court for LaSalle Parish**

v.

**CERTIFIED COMPUTER CONSULTANTS, INC.**

No. Civ.A. 00–0066.

United States District Court, W.D. Louisiana, Alexandria Division.

March 7, 2000.

---

Robert G. Nida, Valerie M. Thompson, Gold Weems, Alexandria, LA, for Steve H. Crooks, plaintiff.

Joseph L. Lemoine, Jr, Jesse D. Lambert, Onebane Bernard, Lafayette, LA, for defendant.

### RULING

LITTLE, Chief Judge.

Before this court is the motion to remand by plaintiff Steve H. Crooks ("Crooks"), in his capacity as Clerk of Court for LaSalle Parish, Louisiana. For the following reasons, plaintiff's motion to remand is GRANTED.

## I. BACKGROUND

Approximately four years ago, Crooks contracted with defendant Certified Computer Consultants, Inc. ("CCC") for services. Crooks previously had contracted work with an individual, David Tyler, for the development of computer programs that are compatible with the programs of the Louisiana Supreme Court. Mr. Tyler left before completing the programs, and Crooks hired CCC to complete the service contract. Among the programs completed by CCC was the Criminal Reporting Program. In addition, CCC converted all of the LaSalle Parish Clerk of Court's programs into a new computer language called Oracle, again for purposes of compatibility with the Louisiana Supreme Court. The Louisiana Supreme Court paid $80,000.00, derived from public funds, to the LaSalle Parish Clerk of Court to develop the Criminal Reporting Program and to become compatible with the Louisiana Supreme Court for reporting purposes.[1] Crooks, in turn, immediately channeled the $80,000.00 to CCC.

Upon completion of the service contract, CCC began selling the Criminal Reporting Program and other programs to clerks of court in other parishes. Those other programs were the Civil Processing Program, Conveyance and Mortgage Indexing Program, Elections Reporting Program, and a specialized Filing Fee Program.[2] On 1 December 1999, Crooks, in his capacity as Clerk of Court for LaSalle Parish, filed suit against CCC in the 28th Judicial District Court for the Parish of LaSalle, State of Louisiana, alleging breach of contract and breach of fiduciary duty under Section 42:1461 of the Louisiana Revised Statutes, and seeking accounting, injunctive relief, and costs.

On 12 January 2000, CCC filed a notice of removal with this court, asserting that this court has original jurisdiction over the lawsuit pursuant to 28 U.S.C. § 1331 and § 1338, in that the relief sought by Crooks is within the general scope of copyright specified by 17 U.S.C. § 106.[3] A removal order was signed on the following day. On 24 January 2000, CCC filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Shortly thereafter, on 28 January 2000, Crooks filed the motion to remand now before this court, claiming that the case improperly was removed to this court because Crooks does not plead a claim or right arising out of the Constitution, treaties, or laws of the United States, and because diversity of citizenship among the parties does not ex-

---

1. The LaSalle Parish Clerk of Court is one of seven pilots in the state that report all criminal violations to the Louisiana Supreme Court.

2. Of these programs, the LaSalle Parish Clerk of Court's office purchased the Conveyance and Mortgage Indexing Program from a firm in Metairie, Louisiana, and David Tyler alone developed the Elections Reporting Program for the plaintiff. CCC merely rewrote the two programs in Oracle so as to make them uniform with the other programs used by the plaintiff and the Louisiana Supreme Court. According to the plaintiff, CCC therefore has no authorship rights in the programs.

3. CCC further asserts that the copyright laws of the United States preempt any and all state law causes of action inconsistent therewith.

ist herein. Moreover, Crooks contends that his causes of action are based solely upon state laws, rights, and obligations, and are not preempted by federal copyright laws. Along with the motion to remand, Crooks filed a motion to stay 12(b)(6) proceedings pending decision on removal and remand, which was granted by this court on 31 January 2000.

On 15 February 2000, CCC filed a memorandum in opposition to motion to remand, arguing that Crooks' complaint is nothing more than a disguised claim for copyright infringement. Crooks filed a reply memorandum in support of motion to remand, contending that his claim is in fact for breach of contract and that federal copyright laws do not preempt such state law cause of action. A supplemental memorandum in opposition to motion to remand by CCC followed.

## II. ANALYSIS

■ Absent diversity of citizenship, federal question jurisdiction is required for removal of a case to federal court. *See Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question appears on the face of the plaintiff's properly pleaded complaint. *See id.; Baker v. Farmers Elec. Coop., Inc.,* 34 F.3d 274, 278 (5th Cir.1994). Whether or not a cause of action presents a federal question thus depends upon the allegations of the plaintiff's well-pleaded complaint. *See Carpenter v. Wichita Falls Indep. Sch. Dist.,* 44 F.3d 362, 366 (5th Cir.1995). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar,* 482 U.S. at 392, 107 S.Ct. at 2429. *See Carpenter,* 44 F.3d at 366. A plaintiff with a choice between federal and state law claims may opt to proceed in state court on the basis of state law exclusively, thus defeating the defendant's opportunity to remove. *See id.; Avitts v. Amoco Prod. Co.,* 53 F.3d 690, 693 (5th Cir.1995).

■ "[A] case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar,* 482 U.S. at 393, 107 S.Ct. at 2430. *See Carpenter,* 44 F.3d at 366 (noting that a defendant may not remove on the basis of an anticipated or even inevitable federal defense). "[T]he presence of a federal question ... in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule—that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court." *Caterpillar,* 482 U.S. at 398–99, 107 S.Ct. at 2433. "[A] defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting a forum in which the claim shall be litigated. If a defendant could do so, the plaintiff would be master of nothing." *Id.* at 399, 107 S.Ct. at 2433.

■ An independent corollary to the well-pleaded complaint rule exists, however, known as the "complete preemption" doctrine. *See Caterpillar,* 482 U.S. at 393, 107 S.Ct. at 2430. If an area of state law has been completely preempted, any claim allegedly based upon that preempted state law is considered, from its inception, a federal claim and hence arises under federal law. *See id.* Only in the area of federal labor relations law and the Employee Retirement Income Security Act of 1974 (ERISA) does it appear that the Supreme Court clearly has sanctioned the complete preemption corollary to the well-pleaded complaint rule. *See Carpenter,* 44 F.3d at 367 n. 2.

In some cases where the plaintiff has available *no legitimate or viable* state law cause of action, but *only* a federal claim, he may not avoid removal by artfully casting his federal suit as one arising exclusively under state law. *See Carpenter*, 44 F.3d at 366 (emphasis added). Without complete preemption, however, this so-called artful pleading doctrine does not apply. *See Waste Control Specialists, LLC v. Envirocare of Texas, Inc.*, 199 F.3d 781, 783 (5th Cir.2000). The artful pleading doctrine is a narrow exception to the well-pleaded complaint rule, and the preemption must be complete. *See id.* at 784; *Carpenter*, 44 F.3d at 367 & n. 3. If a plaintiff has a viable state law claim, he may depend upon it alone and thereby defeat the defendant's attempt at removal. *See Carpenter*, 44 F.3d at 367 (citing *Caterpillar*, 482 U.S. at 391 & n. 7, 107 S.Ct. at 2429 & n. 7).

"It is well-settled that not every case involving federal copyright laws 'arises under' those laws such that federal jurisdiction is proper pursuant to § 1338(a)." *Schoenberg v. Shapolsky Publishers, Inc.*, 971 F.2d 926, 931 (2d Cir. 1992). In the area of copyright, a state law claim is not preempted if an "extra element" exists that changes the nature of the action such that it is qualitatively different from a copyright infringement claim. *See Computer Associates Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 716 (2d Cir. 1992). To determine whether a claim meets such standard, the court must determine what the plaintiff seeks to protect, the theories in which that matter is thought to be protected, and the rights sought to be enforced. *See id.* "[M]any state law rights that can arise in connection with instances of copyright infringe-

ment satisfy the extra element test, and thus are not preempted by [17 U.S.C. § 301]." *Id.* at 717. State law causes of action that have been held not to be preempted by federal copyright laws include breach of confidentiality, breach of trust, unfair competition, trade secret misappropriation, *see Harbor Software, Inc. v. Applied Systems, Inc.*, 887 F.Supp. 86, 89 (S.D.N.Y.1995); *Computer Associates*, 982 F.2d at 717, and breach of contract, *see Taquino v. Teledyne Monarch Rubber*, 893 F.2d 1488, 1501 (5th Cir.1990).

In the instant case, Crooks alleges in his complaint claims solely based upon breach of contract and breach of fiduciary duty under Section 42:1461 of the Louisiana Revised Statutes.[4] Specifically, Crooks alleges that he "contracted with defendant to perform the service of completing a service contract" approximately four years ago, (Compl.¶2), and that "[s]ince public funding was used to pay for the professional services of defendant to develop the programs, and such programs were developed with the specific needs of the LaSalle Parish Clerk of Court's office in mind, the programs are public property and the private benefit (monetary) being derived by defendants from the unauthorized sale of public property violates La. R.S. 42:1461, is unconscionable and is resulting in irreparable injury to the citizens of LaSalle Parish and to the LaSalle Parish Clerk of Court," (Compl.¶10). Crooks, as plaintiff, is the master of the complaint in this case, and he has made no allegations in the complaint that present a federal question. A federal question simply does not appear on the face of Crooks' properly pleaded complaint. Crooks could have alleged violation of federal copyright laws, which would present a federal ques-

---

4. Section 42:1461 provides in relevant part that when, pursuant to a contract or other agreement, a public entity, including clerk of court, "entrusts to a contractor … the care, administration, allocation, or disposition of funds, property, or other things of value belonging to it or under its custody or control, the contractor … shall be deemed to have undertaken the obligation of a fiduciary with respect to such funds, property, or other things of value of the public entity." La.R.S. 42:1461(B). "The breach of an obligation established under this Section gives rise to an action in favor of the public entity for the recovery of any such funds, property, or other things of value and for any other damages resulting from the breach." La.R.S. 42:1461(C).

tion; however, he neither did nor was required to do so. *See Caterpillar, Inc. v. Williams,* 482 U.S. 386, 398–99, 107 S.Ct. 2425, 2433, 96 L.Ed.2d 318 (1987); *Avitts v. Amoco Prod. Co.,* 53 F.3d 690, 693 (5th Cir.1995); *Carpenter v. Wichita Falls Indep. Sch. Dist.,* 44 F.3d 362, 366 (5th Cir.1995).

 Since a case may not be removed to federal court on the basis of an anticipated or even inevitable federal defense, including the defense of preemption, *see Caterpillar,* 482 U.S. at 393, 107 S.Ct. at 2430; *Carpenter,* 44 F.3d at 366, CCC cannot remove this case on the ground that Crooks' state law causes of action are preempted by federal copyright laws. CCC cannot transform the action, which asserts what are plainly state law claims, into one arising under federal law merely by injecting the federal question of the applicability of copyright laws into the action. Moreover, the complete preemption doctrine does not apply in the area of copyright, as not every case involving federal copyright laws arises under those laws such that federal jurisdiction is proper. *See Schoenberg v. Shapolsky Publishers, Inc.,* 971 F.2d 926, 931 (2d Cir.1992).

Either of Crooks' claims—that is, breach of contract or breach of fiduciary duty under La.R.S. 42:1461—constitutes an "extra element" that changes the nature of the action such that it is qualitatively different from a copyright infringement claim. *See Taquino v. Teledyne Monarch Rubber,* 893 F.2d 1488, 1501 (5th Cir.1990); *Harbor Software, Inc. v. Applied Systems, Inc.,* 887 F.Supp. 86, 89 (S.D.N.Y.1995). Crooks' state law rights satisfy the extra element test and, thus, are not preempted by federal copyright laws.

This is not a case wherein the plaintiff has available no legitimate or viable state law cause of action, but only a federal claim. In a properly pleaded complaint, Crooks alleges breach of contract and breach of fiduciary duty under La.R.S. 42:1461, which are valid state law causes of action. This court does not find that Crooks has artfully cast a federal suit as one arising exclusively under state law.[5] As Crooks has viable state law claims, he may depend upon them alone and thereby defeat CCC's attempts at removal. *See Carpenter,* 44 F.3d at 367 (citing *Caterpillar,* 482 U.S. at 391 & n. 7, 107 S.Ct. at 2429 & n. 7).

### III. CONCLUSION

Crooks alleges in his complaint claims solely based upon breach of contract and breach of fiduciary duty under Section 42:1461 of the Louisiana Revised Statutes. He has made no allegations in the complaint that present a federal question. CCC cannot remove this case on the ground that Crooks' state law causes of action are preempted by federal copyright laws. CCC cannot transform the action, which asserts what are plainly state law claims, into one arising under federal law merely by injecting the federal question of the applicability of copyright laws into the action. We, therefore, GRANT plaintiff Crooks' motion to remand this case to state court at defendant's cost.

---

5. Incidentally, even if we were to assume that Crooks has artfully cast a federal suit as one arising exclusively under state law, the artful pleading doctrine still would not apply since complete preemption is lacking in this case. *See Waste Control Specialists, LLC v. Envirocare of Texas, Inc.,* 199 F.3d 781, 783 (5th Cir.2000).