Christopher DORSEY

v.

**MONEY MACK MUSIC, INC., Cash Money Records, Inc., Cash Money Productions Inc., Ronald Williams, Bryan Williams, and Michelle Diaz**

No. Civ.A. 03–2022.

United States District Court, E.D. Louisiana.

Dec. 1, 2003.

[redacted]

Donald F. deBoisblanc, Donald Francis deBoisblanc, Jr., J. Rand Smith, Jr., deBoisblanc & deBoisblanc, Attorneys at Law, New Orleans, LA, for Plaintiff.

Bruce Victor Schewe, J. Michael Monahan, Phelps Dunbar, LLP, New Orleans, LA, for Defendants.

DUVAL, District Judge.

Before the Court is a Motion to Remand (Rec.Doc. No. 6) filed by plaintiff Christopher Dorsey. Having reviewed the pleadings, memoranda and the relevant case law, the Court finds the motion has merit and **GRANTS** plaintiff's Motion to Remand for the reasons that follow.

**Background**

This matter arises out of a series of music industry contracts. Plaintiff Christopher Dorsey ("Dorsey") is a songwriter and musical performer known as "B.G." and as a member of the "Hot Boys." Defendants Ronald and Bryan Williams ("Williams Brothers") are the sole and/or majority owners as well as agents of defendants Money Mack, Inc., Cash Money Records, Inc., Cash Money Productions, Inc., Big Money Management, Inc., Millionaire Tour Company, Inc., Millionaire Tour Company, L.L.C., Millionaire Merchandise, L.L.C., Diamond Entertainment, L.L.C., and True to the Game Films, L.L.C. ("Williams Companies."). Defendant Michelle Diaz, CPA, is an accountant employed by the Williams Brothers or Williams Companies.

Plaintiff began his musical career at a young age. While a minor without a tutor, plaintiff began a contractual relationship with the Williams Brothers and Williams Companies whereby those defendants managed, produced, and marketed his music in exchange for ownership rights to and revenues from Dorsey's musical works. Defendants repeatedly assured plaintiff and his family that they would protect his legal and financial interests and manage his affairs. This arrangement commenced in 1992 and ended approximately a decade later. Relying on defendants' assurances, plaintiff did not hire an attorney, file tax returns, or employ an independent agent during this time.

Plaintiff filed the instant lawsuit in the Civil District Court for the Parish of Orleans on June 25, 2003, and defendant removed this action to this Court on July 15, 2003. Plaintiff's Petition and First Supplemental and Amended Petition assert the following claims:

(1) Accounting

Plaintiff claims that the defendants owe an accounting under all of the disputed contracts for all funds received by defendants from the inception of Dorsey's relationship with defendants and for payment of all amounts shown to be due to plaintiff. Petition ¶¶ 22 & 35(I); Supplemental and Amended Petition ¶ 42(C).

(2) Breach of Duty

Plaintiff explicitly alleges that defendants breached fiduciary duties and implies that defendants also breached contractual duties as well. Petition ¶ 34(E); Supplemental and Amended Petition ¶ 42(B). Accordingly, plaintiff seeks damages for breach.

(3) Void and/or Rescind Contracts

According to plaintiff, all contracts between Dorsey and defendants are unenforceable because they were (a) induced by fraud or error, (b) contracts of adhesion, (c) without consideration, (d) in violation of fiduciary duties, (e) entered into during

plaintiff's minority. Petition ¶ 6. Plaintiff prays for the Court to hold the various purported contracts between plaintiff and defendants, except oral contracts establishing fiduciary duty, to be void and/or to rescind those contracts. Petition ¶ 35(II); Supplemental and Amended Petition ¶ 42(B).

### (4) Fair Share Payments

Plaintiff claims that defendants entered into a contract in March of 1998 with Universal Music Group, Inc. ("Universal") whereby defendants received a thirty million dollar advance payment in exchange for the right to use and market plaintiff's work. Supplemental and Amended Petition ¶ 21. Plaintiff alleges that he did not receive his "fair share" of payments made by Universal and therefore prays for those payments. Petition ¶ 35(IV).

### (5) Preliminary and Permanent Injunction

Plaintiff avers that defendants continued to use Dorsey's name for commercial benefit even after the termination of their professional relationship and seeks injunctive relief prohibiting defendants from misappropriating plaintiff's name, professional reputation, and likeness in future by falsely claiming an ongoing relationship with plaintiff. Petition ¶ 35(VII).

### (6) Wrongful Acts

Plaintiff also requests damages for wrongful acts of defendant, including but not limited to, damage caused by defendant's failure to obtain proper licenses, failure to properly manage plaintiff's state and federal taxes, and misappropriation of plaintiff's name, reputation, and likeness. Petition ¶ 35(V); Supplemental and Amended Petition ¶ 42(D).

### (7) Conversion

Plaintiff alleges that defendants fraudulently converted and retained funds due to Dorsey. Petition ¶ 34(F).

### (8) Declaratory Judgment

Finally plaintiff seeks judgment declaring Dorsey to be the owner of the materials listed in the May 1998 "Songwriter's Contract." Petition ¶ 35(III). This claim gives rise to the gravamen of defendant's Opposition to plaintiff's Motion to Remand.

Defendants removed the action at bar to this Court on July 15, 2003, stating that plaintiff's allegations raise a federal question under the Copyright Act of 1976 ("the Act"), 17 U.S.C. § 101 *et seq*, and that all state law claims are preempted under § 301 of the same and 28 U.S.C. § 1338(a). Plaintiff seeks to have the case remanded on the grounds that no copyright or other federal claims have been asserted and that absent federal question jurisdiction or diversity of citizenship between the parties, this Court lacks subject matter jurisdiction over the matter.

Defendants contend that plaintiff has artfully pleaded his petition to avoid necessary federal questions under the Act. They argue that, by seeking declaratory judgment regarding ownership of copyrighted musical works, plaintiff makes claims that would upset defendant's ownership under the Copyright Act. According to defendants, the relief sought by plaintiff challenges their rights under 17 U.S.C. § 106, thereby invoking this Court's exclusive jurisdiction.

### Removal Jurisdiction

Title 28 U.S.C. § 1441(b) permits removal of any "civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States." Removal jurisdiction must be strictly construed, however, because it "implicates important federalism concerns." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir.1997). The burden of establishing federal jurisdiction is on the party seeking removal. *Willy v.*

*Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir.1988). In addition, any doubts about removal must be construed against removal and in favor of remanding the case back to state court. *See Vasquez v. Alto Bonito Gravel Plant Corp.*, 56 F.3d 689, 694 (5th Cir.1995).

 In order to determine whether a case was properly removed to federal court on the basis of federal question jurisdiction, the court must examine plaintiff's complaint under the well-pleaded complaint rule. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 118 S.Ct. 921, 925, 139 L.Ed.2d 912 (1998). Under that doctrine, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987)). Yet, the plaintiff may choose to forgo the federal claims in order to prevent removal. "The [well-pleaded complaint] rule makes the plaintiff master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar*, 482 U.S. at 392, 107 S.Ct. at 2429. This right, however, is trumped where the area of law is preempted by federal legislation.

## Copyright Preemption

Defendant argues that the plaintiff's state law causes of action are preempted under section 301 of the Copyright Act, vesting this Court with jurisdiction over the matter. Plaintiff's Petition seeks to void a music industry contract granting ownership of some of plaintiff's copyrighted written and recorded music to defendants. The petition also seeks a judgment declaring plaintiff the owner of the copyrighted music in dispute. Defendant suggests that these claims invoke 17 U.S.C. § 301 preemption. Nevertheless, to effectuate a proper preemption analysis, this Court has to determine, as a threshold matter, whether plaintiff's allegations involve a protected subject matter under the Act.

The United States Court of Appeals for the Fifth Circuit has developed a two-part test for analyzing preemption claims under § 301(a) of the Copyright Act. First, the cause of action is examined to determine if it falls "within the subject matter of copyright." Second, the cause of action is examined to determine if it protects rights that are "equivalent" to any of the exclusive rights of a federal copyright, as provided in 17 U.S.C. § 106." *Computer Management Assistance Co. v. Robert F. DeCastro, Inc.*, 220 F.3d 396, 404 (5th Cir. 2000); *Daboub v. Gibbons*, 42 F.3d 285, 289 (5th Cir.1995).

Since plaintiff's claims are based on ownership of musical works, a subject matter undoubtedly covered by the Act, the Court's analysis will focus on whether the causes of action asserted by Dorsey are "equivalent" to any of the exclusive rights provided for in the Copyright Act. Before moving on to the specific equivalency determinations of plaintiff's claims it is necessary to briefly discuss copyright infringement, the cause of action provided for by the Act.

 The prototypical case under the Copyright Act is the infringement claim. 12 MELVILLE B. NIMMER & DAVID NIMMER, NIMMER ON COPYRIGHT § 12.01[A], at 12–6 (1999). In order to prove copyright infringement, a plaintiff must prove two elements, (1) ownership of the copyrighted material, and (2) copying by the defendant. *Computer Management Assistance Co. v. Robert F. DeCastro, Inc.*, 220 F.3d 396, 400 (5th Cir.2000). Therefore, if the plaintiff's state law causes of action involve the ownership of subject matter potentially appropriate for protection under the Act and copying by the defendant, with nothing more, then the claims are preempted. In

other words, "[a] right is equivalent if the mere act of reproduction, distribution or display infringes it." *Taquino v. Teledyne Monarch Rubber,* 893 F.2d 1488, 1501 (5th Cir.1990).

The test in the Fifth Circuit for evaluating the equivalency of rights is commonly referred to as the "extra element" test. *Computer Management Assistance Co.,* 220 F.3d at 404;

> According to this test, if the act or acts of [the defendant] about which [the plaintiff] complains would violate both [state law] and copyright law, then the state right is deemed "equivalent to copyright." If, however, one or more qualitatively different elements are required to constitute the state-created cause of action being asserted, then the right granted under state law does not lie "within the general scope of copyright," and preemption does not occur.

*Id.*) (citing *Alcatel USA, Inc. v. DGI Technologies, Inc.,* 166 F.3d 772, 787 (5th Cir.1999)(quoting 1 MELVILLE B. NIMMER & DAVID NIMMER, NIMMER ON COPYRIGHT § 1.01[B][1], at 1–13 (1998)); *See e.g., Daboub,* 42 F.3d at 289–90. It is therefore appropriate to examine each of the causes of action asserted in plaintiff's petition to determine whether or not a qualitatively different element is required distinguishing the state law claim from a cause of action under the Copyright Act. Although defendant's Opposition to plaintiff's Motion to Remand focuses primarily on plaintiff's claim for declaratory judgment of ownership,[1] this opinion discusses each of plaintiff's claims.

**(1) Accounting**

 An accounting and determination of ownership rights are matters of state law and should not be preempted. *Asunto v. Shoup,* 132 F. Supp 2d 445, 451 (E.D.La. 2000); *See Dead Kennedys v. Biafra,* 37 F.Supp.2d 1151, 1154 (N.D.Cal.1999). Plaintiff asserts that defendants owe an accounting for all funds received from the inception of Dorsey's contractual relationship with defendants. If defendants fraudulently collected revenues for plaintiff's musical works, then an accounting can be ordered by a state court without reference to the Copyright Act. *See Baptiste v. Khoury,* 910 F.Supp. 277, 279 (W.D.La. 1996). To put it another way, since plaintiff's accounting claim relies upon the disposition of his substantive state law causes of action it should not be preempted. *See Lattie v. Murdach,* 1997 WL 33803, at *6 (N.D.Cal.1997).

**(2) Breach of Contractual and Fiduciary Duties**

"[A]n author's right to royalties under a publication contract may be conditioned upon the publisher's acts of reproduction and distribution of copies of the work, but there is another crucial act that stands as a condition to the publisher's liability: the publisher's promise to pay a stated royalty." 1 MELVILLE B. NIMMER & DAVID NIMMER, NIMMER ON COPYRIGHT § 1.01[B][1], at 1–15 (2000). Thus, the promise that is implicit in every contract, but is not necessary in an infringement action provides the extra element that precludes preemption under § 301. *Id.*

---

**1.** Defendants "do *not* contend that the Copyright Laws preempt Mr. Dorsey's claims regarding fiduciary duty and/or breach of contract. Instead, the Defendants properly removed the Complaint because Mr. Dorsey demands that a court declare him the owner and the author of the Musical Works." (Opposition to Motion to Remand at 7). Also, defendants do not explicitly address plaintiff's claims for accounting, contract recision, injunctive relief, conversion, or wrongful acts.

This circuit has consistently recognized that a legitimate breach of contract allegation serves to defeat preemption. *See Taquino v. Teledyne Monarch Rubber,* 893 F.2d 1488, 1501 (5th Cir.1990); *Asunto,* 132 F. Supp 2d at 452; *Crooks v. Certified Computer Consultants, Inc.,* 92 F.Supp.2d 582, 587 (W.D.La.2000); *Baptiste v. Khoury,* 910 F.Supp. 277, 279 (W.D.La. 1996). Similarly, the Fifth Circuit has stated that a claim for breach of fiduciary duty is qualitatively different from a copyright infringement claim. *Daboub v. Gibbons,* 42 F.3d 285, 289–90 (5th Cir.1995).

■ Plaintiff's petition claims that defendants owed plaintiff contractual and fiduciary duties and that defendants have breached their duties and agreements. Accordingly, plaintiff prays for damages. Defendants claim that plaintiff has not alleged breach of contract. This argument is correct in that the Petition does not explicitly pray for damages for breach of contract. However, plaintiff does implicitly allege breach of contractual duties. This implicit allegation pervades plaintiff's entire Petition, becoming glaringly apparent in plaintiff's request for an accounting as provided under contract and plaintiff's prayer for a judgment voiding all contracts "except oral contracts." Furthermore, plaintiff expressly alleges the existence and possible breach of fiduciary duties. The existence of a promise or fiduciary duty renders plaintiff's claims qualitatively different from a copyright infringement claim, and thus cannot be preempted. *See Asunto,* 132 F.Supp.2d at 452.

### (3) Void and/or Rescind Contracts

■ Plaintiff seeks to have contracts rescinded or declared void on the grounds that they are unenforceable for the following reasons: (a) fraud or error, (b) adhesion, (c) lack of consideration, (d) violation of fiduciary duties, and (e) lack of capacity due to minority status. These state law vices of consent claims clearly fail equivalency preemption analysis under the "extra element" test presented in *Computer Management Assistance Co.* Each claim presents an additional qualitative element not present in an infringement action, specifically: misrepresentation, unconscionably disparate bargaining positions, cause inducing contract, fiduciary relationship, and minority. *See generally Computer Management Assistance Co.,* 220 F.3d at 404–405; *Positive Black Talk, Inc. v. Cash Money Records,* 2003 WL 1522941 (E.D.La.2003).

### (4) Fair Share Payments/Unjust Enrichment

■ Plaintiff seeks the repayment of the money defendants received for Dorsey's musical works. Specifically, plaintiff prays for his "fair share" of the advance payment defendants collected from Universal in 1998. Defendants contend that such requests are unjust enrichment claims preempted by the Act. Claims for unjust enrichment usually are held to be preempted by the Copyright Act. *See* 1 MELVILLE B. NIMMER & DAVID NIMMER, NIMMER ON COPYRIGHT § 1.01[B][1], at 1–38 (2000). Preemption is appropriate in the majority of instances because the typical unjust enrichment claim is qualitatively equivalent to a cause of action for copyright infringement. However, as in *Asunto,* the instant matter presents a different situation. Here, the core of plaintiff's claims arise from breaches of contractual and fiduciary duties among the parties. As such, it is evident that plaintiff's claim for unjust enrichment is "in reality a further explanation of the damages that [plaintiff] intends to prove arising from the breach of contract", which has been held sufficiently unique to survive the extra element test. *See National Car Rental System, Inc. v. Computer Assoc. Int., Inc.,* 991 F.2d 426, 434–35 (8th Cir.1993). More-

over, plaintiff has maintained that his damages were caused by breaches of fiduciary duties owed by defendant. Specifically, plaintiff claims that the Williams Brothers acted as mandataries for the plaintiff for nearly a decade. This critical element of a fiduciary relationship renders the unjust enrichment claim qualitatively different from an infringement claim, and is therefore not preempted. *See Asunto*, 132 F.Supp.2d 445; *See generally Wrench LLC v. Taco Bell Corp.*, 1998 WL 480871 at *6 (W.D.Mich.1998).

## (5) Injunctive Relief

■ Plaintiff also requested preliminary and permanent injunctive relief prohibiting defendants from misappropriating Dorsey's name, professional reputation, and likeness by claiming a false relationship with plaintiff. The elements of these claims do not satisfy the equivalency test. Reading the petition as a whole, it is clear that the controlling purpose of the petition is to determine rescission and/or breach of contracts and the breach of fiduciary duties. Accordingly, there should be no preemption of the request for injunctive relief. *See* 12 MELVILLE B. NIMMER & DAVID NIMMER, NIMMER ON COPYRIGHT § 12.01[B], at 12–20 to 12–22 (1999). The requested relief springs from defendants' fiduciary duties and contractual obligations. Once again, the resolution of the contract and fiduciary duties question will dictate the resolution of the equitable remedies sought. Therefore, the requested relief falls under state court jurisdiction. *See Asunto*, 132 F.Supp.2d 445, *Baptiste v. Khoury*, 910 F.Supp. 277, 279 (W.D.La. 1996); *Dead Kennedy' v. Biafra*, 37 F.Supp.2d at 1154.

## (6) Wrongful Acts

■ Plaintiff prays for damages caused by defendant's wrongful acts. Such acts include (a) failure to obtain proper licenses, (b) failure to manage Dorsey's taxes, and (c) misappropriation of plaintiff's name, reputation, and likeness. Like the aforementioned injunctive relief, plaintiff's claims for wrongful act damages clearly arise out of contractual and fiduciary duties, rendering them subject to state court jurisdiction. *See generally Asunto*, 132 F.Supp.2d 445, *Baptiste*, 910 F.Supp. 277; *Dead Kennedys*, 37 F.Supp.2d at 1154.

## (7) Conversion

■ Plaintiff also alleges fraudulent conversion by defendants. Generally, "[t]he torts of conversion and trespass relate to interference with tangible rather than intangible property, and hence, should be held to be immune from preemption". 1 MELVILLE B. NIMMER & DAVID NIMMER, NIMMER ON COPYRIGHT § 1.01[B][1], at 1–41 (2000). However, a claim for conversion will be preempted when the theory of recovery merely asserts the wrongful copying, distribution and performance of an interest protected under the Copyright Act. *Daboub v. Gibbons*, 42 F.3d 285, 289 (5th Cir.1995). In order to avoid a finding of equivalency, there must be some evidence that the plaintiff was deprived physically of its property. *See Taquino v. Teledyne Monarch Rubber*, 893 F.2d 1488, 1501 (5th Cir.1990).

Plaintiff alleges that the defendants have "fraudulently converted and retained funds due to Mr. Dorsey." Petition ¶ 34(F). Plaintiff plead the conversion of a tangible, money, rather than an intangible, such as a copyright. Simply put, plaintiff "alleges a conversion of royalties and not the works themselves." *Dead Kennedys*, 37 F.Supp.2d at 1154. Therefore, plaintiff's conversion allegation should not be preempted because the object of the conversion is a tangible and thus qualitatively different from the object of a copyright infringement claim, a copyright, which is

an intangible. Also, plaintiff's petition refers to promises made by the Williams Brothers to protect Dorsey's legal and financial interests while managing his affairs. The existence of the contractual promise and/or fiduciary duty to pay royalties provides an extra element against preemption. *See Asunto*, 132 F.Supp.2d at 452–53.

(8) Declaratory Judgment

 Finally, plaintiff seeks a declaratory judgment naming plaintiff as sole owner of all materials, including copyrighted musical works, listed in the 1998 "Songwriter's Contract." Again, reading the petition as a whole, it is plain that the controlling purpose of the petition is to determine rescission and/or breach of contracts and the breach of fiduciary duties. *See* 12 MELVILLE B. NIMMER & DAVID NIMMER, NIMMER ON COPYRIGHT § 12.01[B], at 12–20 to 12–22 (1999). The requested relief springs from the contracts between parties and fiduciary duties arising from Dorsey's relationship with the Williams Brothers and Williams Companies. Once again, the resolution of the contract and fiduciary duties question will dictate the resolution of the equitable remedies sought. As the requested relief is dependant upon the resolution of the fiduciary duty and contract issues, it falls under state court jurisdiction. *See Asunto*, 132 F.Supp.2d at 453, *Baptiste*, 910 F.Supp. at 279; *Dead Kennedys*, 37 F.Supp.2d at 1154.

**Artful Pleading Doctrine**

 Defendant also claims that the Copyright Act completely preempts the state law claims asserted by plaintiff and triggers the artful pleading doctrine. The complete preemption doctrine is a well recognized exception to the well-pleaded complaint rule. *Caterpillar*, 482 U.S. at 393, 107 S.Ct. at 2430; *Crooks v. Certified Computer Consultants, Inc.*, 92 F.Supp.2d

582 (W.D.La.2000). Under the complete preemption doctrine "a narrow class of claims are so 'necessarily federal' that they always will permit removal to federal court, even if they are raised only by way of defense." 14B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure*, § 3722.1, pp 508–513 (1998). However, because of the existence of section 301 of the Copyright Act (the preemption provision), the court can apply that provision of the statute and not become embroiled in traditional preemption tests. 1 MELVILLE B. NIMMER & DAVID NIMMER, NIMMER ON COPYRIGHT § 1.01[B], at 1–8 (2000). As stated earlier, the effect of § 301 of the Copyright Act is that not every case that potentially involves copyright laws is preempted. "[A] state law claim will not be preempted if an "extra element" exists that changes the nature of the action such that it is qualitatively different from a copyright infringement claim." *Crooks v. Certified Computer Consultants*, 92 F.Supp.2d 582, 586 (W.D.La.2000). As the Court has found that plaintiff's claims arise solely under state law and that there is no copyright preemption, defendant's artful pleading argument also fails. *See Crooks v. Certified Computer Consultants*, 92 F.Supp.2d 582, 587 (W.D.La.2000); 12 MELVILLE B. NIMMER & DAVID NIMMER, NIMMER ON COPYRIGHT § 12.01[B], at 12–14 to 12–22 (1999).

**Federal Copyright Jurisdiction**

 Finally, defendant claims that this court should retain jurisdiction of this matter because it arises under the original jurisdiction of this Court. It is well established that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to … copyrights … Such jurisdiction shall be exclusive of the courts of the states in … copyright cases." 28 U.S.C. § 1338(a). *See also Goodman v. Lee*, 815 F.2d 1030,

1031 (5th Cir.1987). Judge Friendly's interpretation of this statute is found in the seminal case *T.B. Harms v. Eliscu*, 339 F.2d 823, 828 (2d Cir.1964), *cert. denied*, 381 U.S. 915, 85 S.Ct. 1534, 14 L.Ed.2d 435 (1965) and has been relied on by the Fifth Circuit. The test states that

> An action arises under the Copyright Act if and only if the complaint is for a remedy expressly granted by the Act ... or asserts a claim requiring construction of the Act, ... or, at the very least and perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that federal principles control disposition of the claim.

*Goodman*, 815 F.2d at 1031; *Baptiste v. Khoury*, 910 F.Supp. at 279.

The Court's preemption analysis, *supra*, has thoroughly evaluated the causes of action asserted by plaintiff and is convinced that the complaint is not one for copyright infringement. Therefore the first method of obtaining jurisdiction under *T.B. Harms* and *Goodman* is not available. Also as stated earlier, the Court is convinced that the claims asserted in plaintiff's petition revolve around, and depend upon, state law issues of contract, fiduciary duty, mandate, and conversion. Such issues do not require a construction of the Copyright Act. Finally, the Court does not see where a distinctive policy of the Copyright Act requires that federal principles control the claim. As all three methods of obtaining original copyright jurisdiction are lacking, the Court finds that it has no jurisdiction over plaintiff's claim.

This Court finds plaintiff's causes of action are not preempted under § 301 of the Copyright Act and that there is no federal question jurisdiction over this suit under 28 U.S.C. § 1338(a), therefore this Court lacks subject matter jurisdiction. Accordingly,

**IT IS ORDERED** that, pursuant to 28 U.S.C. § 1447(c) plaintiff's Motion to Remand is hereby **GRANTED** and this matter is **REMANDED** to the Civil District Court for the Parish of Orleans.